United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC.,<br><br>　　　　Defendant. | Case No.  25-cv-03691-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECOVER COST OF SERVICE; GRANTING DEFENDANT'S MOTION TO DISMISS; AND GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>Docket Nos. 15, 16, 25, 29 |

　　　　Plaintiff Sergey Firsov has filed suit against Defendant Scandinavian Airlines of North America, Inc. ("SANA"), alleging that the company violated his rights by (1) serving him a vegetarian meal instead of a chicken meal and then telling him he would have to pay for a second drink on an international flight in January 2025 and by (2) failing to address an issue related to the air conditioner on a second international flight in April 2025, which affected both his health and the health of his dog (who was in the cabin area).[1]  Now pending before the Court are three motions: (1) Mr. Firsov's motion to recover the cost of service; (2) SANA's motion to dismiss[2]; and (3) Mr. Firsov's motion for leave to amend.  The Court finds the matters suitable for resolution without oral argument and thus **VACATES** the hearing on the motions.  Mr. Firsov's motion to recover the cost of service is **DENIED**; SANA's motion to dismiss is **GRANTED**; and Mr. Firsov's motion to amend is **GRANTED**.

---

[1] In his papers, Mr. Firsov indicates that he was forced to take his dog to an animal hospital in Canada as a result.  *See* Docket No. 32 (Reply, Ex. A) (invoice).

[2] Technically, there are two motions to dismiss on file.  *See* Docket Nos. 16, 29.  The substance of the two motions, however, seems to be the same.  The second motion appears to have filed only because there was a need to amend the hearing date.

**I.      DISCUSSION**

A.     Plaintiff's Motion to Recover the Cost of Service (Docket No. 15)

Federal Rule of Civil Procedure 4(d) provides that "[a] individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Therefore, under the Rule, a plaintiff may notify a defendant about a lawsuit brought by the plaintiff and ask the defendant to waive service of summons. *See id.* If the defendant is located in the United States and "fails, without good cause, to sign and return a waiver by a plaintiff located within the United States," then "the court must impose on the defendant," *inter alia*, "the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2).

According to Mr. Firsov, in April 2025, he asked SANA to waive the service of summons, and it failed to do so, which then forced him to effect formal service of process on SANA in July 2025. Mr. Firsov thus argues that SANA should now be obligated to cover the cost of formal service which was $150.

Having reviewed the papers submitted by Mr. Firsov, the Court denies the request for relief. Rule 4(d)(1) requires that, when a plaintiff notifies a defendant of a suit and asks it to waive service, the plaintiff must comply with certain requirements. For example, if the defendant is a corporation, partnership, or association (as here), then notice must be given "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Mr. Firsov has provided no evidence to show that he complied with this requirement. Similarly, Mr. Firsov has provided no evidence that, in any notice provided to SANA, he informed it "of the consequences of waiving and not waiving service." Fed. R. Civ. P. 4(d)(1)(D). Because Mr. Firsov has not established that he complied with Rule 4(d)(1), he cannot be compensated for the formal cost of service.[3]

---

[3] The Court also notes that Mr. Firsov does not appear to have used a professional process server. The person who served process was Oleksandra Pomohaibo, who lives in the same apartment complex as does Mr. Firsov. (She lives in Apartment 229, and Mr. Firsov in Apartment 141.) Moreover, it appears that Ms. Pomohaibo may be related to Mr. Firsov's ex-wife, Kateryna Pomogaibo (who also lives in Apartment 229). *See Firsov v. Air Canada*, No. C-25-4058 LJC (N.D. Cal.) (Docket No. 11) (Order at 3) (noting that Mr. Firsov and Kateryna Pomogaibo are

B.   Defendant's Motion to Dismiss (Docket Nos. 16, 29) and Plaintiff's Motion to Amend (Docket No. 25)

The Court now turns to SANA's motion to dismiss.  In its motion, SANA makes several arguments.  For example, SANA contends that the Court lacks personal jurisdiction over it because (1) SANA is not "at home" in the Northern District of California, and thus there is no general jurisdiction, and (2) there is no specific jurisdiction because SANA does not have any contacts with California that are related to the instant suit because SANA is not an air carrier and thus did not operate the two flights at issue.  *See, e.g.*, Mot. at 1 (indicating that the international flights that Mr. Fahey took were operated by "SAS," or Scandinavian Airlines, which is not the same entity as SANA).  SANA also asserts that Mr. Firsov has failed to state a claim for relief against it because it is not an air carrier and thus did not operate the two flights at issue.  *See, e.g.*, Mot. at 9 (arguing that Mr. Firsov has made allegations about actions that SAS took against him but failed to make any "factual allegations, whatsoever, regarding any alleged actions of SANA personnel that caused or contributed to Plaintiff's alleged injuries").  Finally, SANA argues that Mr. Firsov's state law claims (*e.g.*, for breach of contract and negligence) are preempted by the Montreal Convention and that the Montreal Convention does not compensate for purely emotional distress.

In response to the motion to dismiss, Mr. Firsov seems to accept SANA's contention that he has named the wrong entity as the defendant.  Mr. Firsov suggests that the Court should proceed by allowing him to amend to correct the name of the defendant (*i.e.*, SAS in lieu of SANA).  In addition to his brief in opposition to the motion to dismiss, Mr. Firsov has filed a formal motion for leave to amend.

In addressing the parties' dispute, the Court notes first that Mr. Firsov, a pro se litigant, had the *right* to amend – as a matter of course – under Federal Rule of Civil Procedure 15 (even if he did not formally do so and filed a motion to amend instead).  *See* Fed. R. Civ. P. 15(a)(1)(B)

---

divorced).  Even if the cost of service is covered where service is effected by a nonprofessional process server, there should be some explanation as to why the cost of service by Ms. Pomohaibo was $150.

3

1  (providing that a plaintiff may amend "once as a matter of course . . . 21 days after service of a
2  motion under Rule 12(b)"). Given that circumstance, the Court grants Mr. Firsov's motion to
3  amend. Furthermore, because Mr. Firsov has implicitly agreed with SANA that he has sued the
4  wrong entity, the Court also grants SANA's motion to dismiss *on that basis*.

5        The Court does not address SANA's third argument above (*i.e.*, on preemption by the
6  Montreal Convention and compensation for emotional distress) because Mr. Firsov was entitled to
7  amend as a matter of right. The Court also notes that, based on Mr. Firsov's reply in support of
8  his motion to amend, Mr. Firsov may not be seeking purely emotional distress damages; also, he
9  may no longer be seeking relief for emotional distress suffered by his dog. *See* Docket No. 32
10 (Reply at 2 & Ex. A) (indicating that, as a result of the vegetarian meal, Mr. Firsov suffered
11 diarrhea; also providing an invoice from an animal hospital for services provided to Mr. Firsov's
12 dog). Because Mr. Firsov will be amending his original complaint, he should clarify the nature of
13 the damages sought in his amended complaint.

14       To the extent SANA argues that Mr. Firsov should be adjudicated a vexatious litigant or
15 that any amended complaint should be deemed futile or frivolous, that argument is premature.
16 Should Mr. Firsov, in his amended complaint, take positions that are frivolous, then SAS (*i.e.*, the
17 apparently correct defendant) may seek sanctions under Federal Rule of Civil Procedure 11 (after
18 providing the safe harbor required under the rule).

19       To be clear, the Court is neither endorsing nor condemning what appears to be Mr.
20 Firsov's practice of suing airlines, sometimes for what are arguably minor events. It appears Mr.
21 Firsov's "business model" for these lawsuits is to seek IFP status (so that he does not have to pay
22 the court filing fees), ask for emotional distress damages, and (perhaps to account for the
23 possibility of no or little emotional distress damages) ask to be refunded the cost of his airline
24 tickets (not insignificant given that international travel is involved). But Mr. Firsov is not the first
25 person or entity to use litigation as a business model. Sometimes those models are successful;
26 sometimes they are not. And as noted above, should Mr. Firsov take frivolous positions, he runs
27 the risk of sanctions.

28       Mr. Firsov shall file his amended complaint within two weeks of the date of this order.

United States District Court
Northern District of California

The only amendments permitted are: (1) to name the correct defendant and (2) to clarify the damages sought. Mr. Firsov shall then have sixty (60) days to serve the amended complaint on SAS.

This order disposes of Docket Nos. 15, 16, 25, and 29.

**IT IS SO ORDERED**.

Dated: September 25, 2025

_____
EDWARD M. CHEN
United States District Judge