UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>    Plaintiff,<br><br>    v.<br><br>SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 25-cv-03691-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>Docket No. 35 |

Previously, the Court denied Mr. Firsov's motion to recover the cost of service from SANA. Now pending before the Court is Mr. Firsov's motion to reconsider. The motion is **DENIED**.

Under the Civil Local Rules, Mr. Firsov must first seek leave to file a motion for reconsideration.[1] Civil Local Rule 7-9(b) provides that a party moving for leave to file a motion to reconsider must establish, *e.g.*, "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Civ. L.R. 7-9(b)(1). Here, Mr. Firsov asserts that the Court erred in stating that he did not provide proof that he complied with Federal Rule of Civil Procedure 4(d). *See* Docket No. 34 (Order at 2) (noting that, "when a plaintiff notifies a defendant of a suit and asks it to waive service, the plaintiff must comply with certain requirements"). According to Mr. Firsov, he did submit proof, *see* Docket No. 36 (proof of service), but the Clerk of the Court failed to include the document as part of the case file and included it instead as part of the case file for

---

[1] In his motion, Mr. Firsov cites Federal Rules of Civil Procedure 59 and 60, but those rules apply where a final judgment has issued. No final judgment has issued in the case at bar.

one of the other cases he has filed in the District.

    Mr. Firsov, however, has not provided sufficient evidence that there was a Clerk error.  He has not pointed the Court to the case where the document was purportedly misfiled.  Moreover, even if there were a Clerk error, Mr. Firsov would still fare no better.  The Court previously noted that Mr. Firsov used a nonprofessional to serve process (a person apparently related to his ex-wife) but did not sufficiently explain why the cost of service was $150.  In other words, Mr. Firsov did not demonstrate why $150 for cost of service was reasonable.

    In his motion, Mr. Firsov asserts: "Drive to SFO airport is 50$ ONE WAY.  Price $100 is reasonable in San Francisco, because price 100$ per hour on form 1099 is standard."  Mot. at 2.  There is nothing to back up his conclusory claims.  Moreover, even if this were competent evidence, it should have been provided (and could have been provided) when Mr. Firsov first filed his motion to recover the cost of service.  *See* Civ. L.R. 7-9(b)(1) ("The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.").

    This order disposes of Docket No. 35.

**IT IS SO ORDERED**.

Dated: October 1, 2025

_____
EDWARD M. CHEN
United States District Judge

2