UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>          Plaintiff,<br><br>     v.<br><br>SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC.,<br><br>          Defendant. | Case No. 25-cv-03691-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS; MOTION TO STRIKE; AND MOTION TO RECOVER COST OF SERVICE**<br><br>Docket Nos. 41, 44, 45 |

Currently pending before the Court are three motions filed by Plaintiff: (1) a motion for sanctions; (2) a motion to strike; and (3) a motion to recover the cost of service. Having considered the parties' filings, the Court finds all matters suitable for resolution without a hearing. The hearing on the motions is therefore **VACATED**. All motions for relief are hereby **DENIED**. In addition, the Court issues sanctions against Plaintiff as described below.

A.   Motion for Sanctions

Plaintiff argues that two attorneys who represent SANA should be sanctioned, each in the amount of $5,000. He recites a laundry list of allegedly improper conduct.

The motion is denied. Whether Plaintiff seeks sanctions pursuant to, *e.g.*, Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority, his motion lacks merit. For example, Plaintiff asserts that defense counsel investigated his family life, but he has failed to show why that was improper[1] or that the investigation was conducted in an improper way. Plaintiff also contends that

---

[1] It appears that Iana Rodionova, the woman whom Plaintiff identifies as his wife in his IFP application, has also filed a number of similar lawsuits against airlines.

1  defense counsel overstated the number of cases that he is a plaintiff. Even assuming that is the

2  case,[2] Plaintiff admits that he has filed approximately 70 cases; in light of that fact, defense

3  counsel's contention that he is a vexatious litigant is not patently unreasonable. Plaintiff further

4  accuses defense counsel of filing a motion with excess pages, and without Court permission. The

5  Court has already rejected that argument.[3] *See* Docket No. 42 (order). Finally, SANA did not

6  have an obligation to meet and confer with Plaintiff before filing its motion to dismiss, and the

7  Court actually granted SANA's motion to dismiss; thus, the filing was not improper. Although the

8  Court did not declare Plaintiff a vexatious litigant at that time, it did not preclude any such ruling

9  in the future. It simply stated that SANA's argument was premature. *See* Docket No. 34 (order).

B. <u>Motion to Strike</u>

Plaintiff moves to strike SANA's motion to dismiss. The motion to strike is denied. It is patently meritless.

First, the Court already granted SANA's motion to dismiss – and more than two weeks before Plaintiff filed this motion to strike. *See* Docket No. 34 (order filed on September 25, 2025); Docket No. 44 (motion to strike filed on October 14, 2025). Furthermore, Plaintiff essentially conceded (by filing his motion to amend) that the motion to dismiss had merit to the extent SANA argued that it was not the proper entity to be sued.

Second, Plaintiff fails to show that the motion to dismiss contains any material that warrants striking. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

---

[2] In its motion to dismiss, SANA suggested at one point that Plaintiff had filed 104 cases, but, elsewhere in its brief and supporting declaration, SANA indicated that Plaintiff was simply a party in 104 cases. *Compare* Docket No. 29 (Mot. at 17) (in motion to dismiss, SANA arguing that "[t]he number of lawsuits filed by Plaintiff (including approximately 104 total cases and 18 cases in the Northern District of California within the last five months) far exceeds the limit of what is permitted before a party becomes a vexatious litigant"), *with* Docket No. 29-1 (Nowinski Decl. ¶ 6) (in support of motion to dismiss, testifying that a "LexisNexis search, attached hereto as Exhibit A, indicates that Plaintiff has been a party to 104 lawsuits").

[3] SANA also correctly points out that Plaintiff did not identify excessive page length as an issue in his "safe harbor" notice to the company. *See* Docket No. 24 (notice of intention to seek sanctions).

1   Third, the Court has already held that defense counsel did not violate the Civil Local Rule
2   on page length. *See* Docket No. 42 (order filed on October 7, 2025). This order issued a week
3   before Plaintiff filed his motion to strike. To the extent Plaintiff relies on an order from Judge
4   Freeman to support his position that SANA filed excess pages, Judge Freeman vacated that order.
5   *See Firsov v. United Airlines, Inc.*, No. 25-3784 BLF (Docket No. 40). Notably, at the time
6   Plaintiff filed this motion to strike (on October 14, 2025), Judge Freeman had *already* issued her
7   order one week earlier (*i.e.*, on October 7, 2025).

C.  Motion to Recover Cost of Service

Plaintiff seeks to recover the cost of service on SANA. The Court has already denied Plaintiff's request twice. *See* Docket No. 34 (order denying motion); Docket No. 37 (order denying motion to reconsider). The motion is denied again.[4]

D.  SANA/SAS's Request for Sanctions

Finally, the Court addresses the request for sanctions made by SANA (or SAS, the now-substituted defendant). The Court is extremely troubled by how Mr. Firsov has litigated this case – *e.g.*, filing multiple motions to reconsider without complying with Civil Local Rule 7-9, repeatedly arguing that SANA has filed a motion that exceeds the page length permitted, not disclosing to the Court that Judge Freeman had vacated her prior order, and repeatedly seeking to recover the cost of service. This Court has inherent authority to sanction, and sanctions can include (but are not limited to) the reasonable attorneys' fees incurred by SANA/SAS. *See, e.g.*, *Gregory v. Montana*, 118 F.4th 1069, 1077 (9th Cir. 2024) (noting that "the express authority to impose attorneys' fees as a sanction under 28 U.S.C. § 1927 and the Federal Rules of Civil Procedure did not preclude a district court from relying on its inherent authority in imposing such fees as a sanction for bad-faith litigation conduct"); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (noting that sanctions may be issued on the basis of "bad faith or conduct tantamount to bad faith," which includes "recklessness when combined with an additional factor such as

---

[4] The Court acknowledges SANA's contention that Plaintiff is seeking to recover the cost of *improper* service – *i.e.*, service on someone who was not SANA's agent for service of process. Although the Court need not adjudicate the issue, it does seem to have merit.

3

frivolousness, harassment, or an improper purpose"; thus holding that "an attorney's reckless misstatements of law and fact, when coupled with an improper purpose . . . are sanctionable under a court's inherent power").

Although Plaintiff arguably acted in bad faith for all of the conduct identified above, the Court shall, at this juncture, issues sanctions based on Plaintiff's conduct with respect to the motion to strike only. The motion to strike was patently meritless for the reasons discussed above, and it was clearly filed in bad faith for the same reasons. Particularly damning is Plaintiff's reliance on an opinion from Judge Freeman that she had already vacated and that Plaintiff knew about at the time he filed his motion to strike.[5]

Accordingly, the Court grants SANA/SAS's request for sanctions based on Plaintiff's filing of the motion to strike. SANA/SAS shall file a brief and declaration from its counsel, addressing what attorneys' fees were incurred in preparing the opposition to the motion to strike. Information about the hourly rates and the number of hours should be provided. SANA/SAS shall file this information within a week of the date of this order. Plaintiff shall then have one week thereafter to file a response.

This order disposes of Docket Nos. 41, 44, and 45.

**IT IS SO ORDERED**.

Dated: November 6, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[5] Although Plaintiff is not an e-filer in the case at bar, he is an e-filer in Judge Freeman's case.