UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>    Plaintiff,<br><br>    v.<br><br>SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,<br><br>    Defendant. | Case No.  25-cv-03691-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Docket No. 64 |

Pending before the Court is Mr. Firsov's motion to disqualify[1] pursuant to 28 U.S.C. § 455.  Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2]  28 U.S.C. § 455(a).  The Ninth Circuit has explained that, under § 455, the question is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).  That is, the question is

> "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits."  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful

---

[1] Mr. Firsov has asked for leave to file excess pages on the basis that his motion to disqualify is 4 pages and then has an attachment that is 30 pages.  *See* Docket No. 62 (motion).  The motion for excess pages is moot because there are no excess pages.  The motion to disqualify is only 4 pages.  The attachment does not convert the motion to disqualify into one that is 33 pages long.

[2] Section 455 is a "self-executing" provision.  *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1357 (6th Cir. 1988) (adding that § 455 "sets forth a mandatory guideline that federal judges must observe *sua sponte*").  Presumably, this is why SAS did not file any brief in response to Mr. Firsov's motion.

> observer." The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."

*United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

Importantly,

> § 455(a) is limited by the "extrajudicial source" factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial. Put differently, the judge's conduct during the proceedings should not, except in the "rarest of circumstances" form the sole basis for recusal under § 455(a).

*Id.* at 913-14; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Mr. Firsov seeks disqualification solely on the basis that the Court has, based on the record before it, rendered rulings adverse to him. *See, e.g.*, Mot. at 1-2 (asserting that the Court allowed SANA to file a brief in excess of 25 pages and improperly sanctioned him). He has not pointed to any extrajudicial source as a basis for disqualification. Nor has Mr. Firsov provided evidence of "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Litek*, 510 U.S. at 555 (noting that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"). Mr. Firsov's dissatisfaction with the Court's rulings may be the basis for an appeal, but not recusal. *See id.*

This order disposes of Docket No. 64.

**IT IS SO ORDERED**.

Dated: December 7, 2025

_____
EDWARD M. CHEN
United States District Judge

2