UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>    Plaintiff,<br><br>    v.<br><br>SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,<br><br>    Defendant. | Case No. 25-cv-03691-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>Docket No. 61 |

Currently pending before the Court is Mr. Firsov's motion in which he asks the Court to reconsider its order at Docket No. 58. In that order, the Court denied Mr. Firsov's motion for sanctions, denied his motion to strike SANA's motion to dismiss, denied his request to recover the cost of service, and issued sanctions against him because his motion to strike was filed in bad faith. Mr. Firsov's motion to reconsider is hereby **DENIED**.

As an initial matter, Mr. Firsov should have asked for leave to file a motion for reconsideration. The Court has previously informed him of this procedural requirement, as has Judge Westmore. *See* Docket No. 37 (order); Docket No. 10 (order issued by Judge Westmore). Mr. Firsov is required to comply with the rules of Court, even if he is proceeding pro se.

Second, Mr. Firsov failed to demonstrate that he should be given leave to file a motion to reconsider under the standard laid out in Civil Local Rule 7-9. He has not shown, *e.g.*, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3).

Third, even if the Court were to consider the motion to reconsider on the merits, it would not grant Mr. Firsov relief. His arguments all fail. For example:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Mr. Firsov asserts once again that SANA's motion to dismiss exceeded 25 pages. It did not. The table of contents, the table of authorities, the proof of service, and the proposed order do not count toward the page limit, nor do the declarations.

- Mr. Firsov contests the Court's issuance of sanctions against him. He claims that, although his motion to strike (claiming SANA had filed excess pages) was *received* by the Court on October 14, 2025, he *mailed* it on October 8, 2025. There is record evidence to support Mr. Firsov's assertion. *See* Docket No. 44-2 (envelope). That being said, Mr. Firsov ignores the fact that Judge Freeman's order was still filed on October 7, 2025, *see Firsov v. United Airlines, Inc.*, No. 25-3784 BLF (Docket No. 40), and Mr. Firsov is an e-filer in that case. Thus, he received Judge Freeman's order a day *before* he mailed his motion to strike. The Court acknowledges Mr. Firsov's contention that he did not actually receive Judge Freeman's order until a week after he mailed his motion to strike, *see* Mot. at 2, 5 (declaring that all statements in the motion are true and accurate), but that contention is not credible. There is nothing to support Mr. Firsov's declaration. Moreover, Mr. Firsov did not withdraw his motion to strike after he allegedly received Judge Freeman's order on or about October 15, 2025. Nor did he withdraw his motion to strike after SANA explicitly referenced Judge Freeman's order in its opposition brief filed on October 28, 2025. Finally, when Mr. Firsov filed his reply brief in support of his motion to strike on November 3, 2025, he still failed to acknowledge or address Judge Freeman's order. In short, the Court acted within its discretion to sanction Mr. Firsov because he continued to assert that SANA had filed excess pages without permission, even though that position was no longer supported by Judge Freeman. Mr. Firsov has acted in bad faith.

- Mr. Firsov argues that it was procedurally improper for SANA/SAS to ask for sanctions in its opposition briefs. While this argument is not entirely lacking in merit, Mr. Firsov has not been prejudiced as a result. He was able to address the issue of sanctions in his reply briefs. *See, e.g.*, Docket No. 57 (reply in support of

2

1  motion to strike). Moreover, he has aired out additional arguments in the pending
2  motion which the Court has considered.

- Mr. Firsov questions how a specially appearing party (SANA) can be awarded sanctions, but he ignores that he was moving to strike SANA's motion to dismiss.
- Mr. Firsov suggests that the Court should have sanctioned the defense attorneys, and not him. He argues that it would have been cheaper for SANA/SAS to settle the case instead of litigate it. But that is a choice for SANA/SAS to make; it is not acting in bad faith because it believes that Mr. Firsov's suit lacks merit. Furthermore, none of this suggests that the defense attorneys should be sanctioned.
- Mr. Firsov asserts that he will amend this lawsuit to be a class action seeking refunds of all flights SANA/SAS has made to California because the company is not registered to do business in California. This is outside the scope of the motions at issue. Mr. Firsov is free to litigate as he chooses, although he is subject to, *e.g.*, Federal Rule of Civil Procedure 11 as well as other federal law that requires parties to litigate in good faith. Mr. Firsov is advised that, as a pro se litigant, he has no authority to represent anyone but himself. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself.").

This order disposes of Docket No. 61.

**IT IS SO ORDERED**.

Dated: December 7, 2025

_____
EDWARD M. CHEN
United States District Judge

3