UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SERGEY FIRSOV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCANDINAVIAN AIRLINES SYSTEM<br>DENMARK-NORWAY-SWEDEN,<br><br>　　　　Defendant. | Case No.  25-cv-03691-EMC<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS; AND<br>DENYING PLAINTIFF'S MOTION TO<br>AMEND/SUPPLEMENT**<br><br>Docket No. 84, 92 |

Plaintiff Sergey Firsov has filed suit against Defendant Scandinavian Airlines System Denmark-Norway-Sweden ("SAS") with respect to events that took place on two different international flights.  Now pending before the Court is SAS's motion to dismiss based on lack of subject matter jurisdiction, lack of personal jurisdiction, and/or failure to state a claim for relief. Having considered the papers filed,[1] the Court finds this matter suitable for resolution without oral argument.  The motion to dismiss is **GRANTED**.  The Court also **DENIES** Mr. Firsov's motion to amend/supplement his complaint.

### I.　　FACTUAL & PROCEDURAL BACKGROUND

In the operative first amended complaint ("FAC"), Mr. Firsov alleges as follows.

On January 30, 2025, Mr. Firsov was on a SAS flight from San Francisco to Copenhagen. Meals were served on the flight.  The airline appeared to run out of chicken meals before he was served, and he was given a vegetarian meal.  Later, when Mr. Firsov went to the bathroom, he saw the flight crew eating chicken meals.  The crew rejected his request for a chicken meal, claiming

---

[1] Mr. Firsov failed to file an opposition by the applicable deadline.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

that it was for internal use.  Then, Mr. Firsov asked for a drink but they told him that only one free drink was allowed.  *See* FAC at 3.  Mr. Firsov asserts that he was hungry and thirsty for the whole flight (an international one) and that his health was damaged because "he is [a] man and required to eat meat/fish everyday."  FAC at 5.  According to Mr. Firsov, he also suffered emotional distress. *See* FAC at 3.

On April 20, 2025, Mr. Firsov was on a different SAS flight from Copenhagen to Toronto, Canada.[2]  The air on the SAS flight was too dry, apparently because of the air conditioner.  As a result, Mr. Firsov had "damaged health" and had to "recover in [a] wet climate."  FAC at 4; *see also* FAC, Ex. (ECF Page 37) (email to SAS) ("Air-conditioner was broken and make air very dry, so I'm not able to breathe comfortable [sic], wants to drink, but it does not help.").  Mr. Firsov claims that his dogs – who were also on the flight (in the cabin area) – also suffered damage to their health; in fact, he had to take them to a hospital in Canada after the plane landed.  Mr. Firsov further claims that both he and his dogs suffered emotional distress.  *See* FAC at 4.  Damages that Mr. Firsov seeks include the following: the cost of the dogs ($2,000 each), the cost of the airline tickets, the cost of the airline tickets for the dogs, compensation for emotional distress, the cost of the hospital bills, and punitive damages.  *See* FAC at 5.

Based on, *inter alia*, the above allegations, Mr. Firsov has asserted the following causes of action:

(1)    Liability pursuant to the Montreal Convention (for both the food/drink incident and the air condition incident).

(2)    Violation of the right to get information before the flight (for the food/drink incident only).

(3)    Fraud (for the food/drink incident only).

(4)    False advertising in violation of California Business & Professions Code § 17500 (for

---

[2] Mr. Firsov was then scheduled to take a flight on Air Canada from Toronto to Newfoundland, Canada.  *See* FAC, Ex. (ECF Page 27) (itinerary).  And on the following day, he was scheduled for yet another flight on Porter Airlines from Newfoundland to Toronto and then onto San Francisco.  *See* FAC, Ex. (ECF Page 30) (itinerary).

the food/drink incident only).

(5) Violation of food safety and packaging and menu planning protocols (for the food/drink incident only).

(6) Violation of health and food safety codes (both federal and state) (for at least the food/drink incident and possibly the air conditioner incident).

(7) Breach of contract (for both the food/drink incident and the air conditioner incident).

(8) Negligence (for the air conditioner incident).

(9) Intentional infliction of emotional distress (for the food/drink incident only).

(10) Violation of California business registration laws.

## II.    DISCUSSION

A.    Legal Standard

SAS has moved to dismiss on several grounds, including lack of personal jurisdiction and failure to state a claim for relief.

A defendant may move to dismiss based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  If the "defendant's motion to dismiss is based on a written record and no evidentiary hearing is held, the plaintiff need only make a prima facie showing of jurisdictional facts." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal quotation marks omitted).

A motion to dismiss for failure to state a claim for relief is predicated on Federal Rule of Civil Procedure 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

United States District Court
Northern District of California

3

party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

B.    Personal Jurisdiction

SAS argues first that, to the extent any cause of action is based on the air conditioner incident, the Court lacks personal jurisdiction over SAS because the air conditioner incident took place on a flight from Copenhagen to Toronto (on April 20, 2025). As the Court noted in a prior order, the Montreal Convention's jurisdictional provision does not bar nation-states from imposing their own jurisdictional requirements. *See Nat'l Union Fire Ins. Co. of Pitt., P.A. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 74 (2d Cir. 2023) (noting that, although Article 33 and Article 46 of the Convention "state that actions '*must* be brought in one of the specified fora, they do not state that the courts of those fora must entertain such actions without regard for other potential barriers to jurisdiction"; "while the Montreal Convention permits claims arising under the treaty to be brought in particular nations, it does not guarantee plaintiffs the unconditional right to litigate in those nations' courts" and, rather, "expressly leaves room for nation-states to impose their own venue, jurisdictional, or other procedural requirements") (emphasis in original).

Under federal law in the United States, where there is no federal statute on personal jurisdiction, the Court applies state law on personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.").

/ / /

4

> Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.  For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."

*Id.* at 800-01.

In the instant case, there are insufficient minimum contacts, whether the Court considers whether there is general jurisdiction over SAS or specific jurisdiction over the company.

> For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state.  This is an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

*Id.* at 801.  The mere fact that SAS runs flights to and from California and sells tickets to California customers is not a sufficient basis to establish general jurisdiction.  There is no evidence that SAS was incorporated in California or that its principal place of business is located in the state.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (stating that, for a corporation, the paradigm forum for the exercise of general jurisdiction is its place of incorporation and its principal place of business); *Regueiro v. Am. Airlines, Inc.*, No. 19-23965-CIV-MARTINEZ-LOUIS, 2022 U.S. Dist. LEXIS 116153, at *4 (S.D. Fla. June 30, 2022) (rejecting general jurisdiction over American Airlines even though the airline "conducts significant business" in the state because, in *Daimler*, the Supreme Court "expressly rejected the availability of general jurisdiction 'in every State in which a corporation "engages in a substantial, continuous, and systematic course of business"'"; adding that "Florida is not a 'surrogate' for American Airlines' place of incorporation or head office" and that "several other district courts have declined to exercise general jurisdiction over airlines with a 'hub' in the state"); *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 799 (N.D. Ca. 2020) (holding there was no general jurisdiction over United Airlines even though United "conducts substantial business in California through two 'hub airports' located in the state and by employing 'a substantial number of employees in California'").

/ / /

United States District Court
Northern District of California

As for specific jurisdiction, that too is lacking because the air conditioner incident took place on a flight outside of the state of California – indeed, on a flight with no connection to the United States at all. *See Schwarzenegger*, 374 F.3d at 802 (describing the three-element test for specific jurisdiction, the first of which is that the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"). As noted above, the air conditioner incident occurred on a flight from Copenhagen to Toronto on April 20, 2025. (This flight appears to be the "second leg" of an overall trip. The overall trip started, on April 20, from Warsaw and went to Copenhagen, and then the second leg went from Copenhagen to Toronto.)

To be sure, it appears Mr. Firsov went from San Francisco to Copenhagen, and then Copenhagen to Warsaw a few days earlier, on April 18-19, 2025. However, that is not enough to establish a connection with *this* case to California. California was part of Mr. Firsov's outbound flight; it was not part of the return flight at issue.

Furthermore, even though, on April 21, 2025, eventually returned to San Francisco from Canada, that flight was not with SAS at all but rather was with a different airline (Porter). *See* FAC, Ex. (ECF Page 30) (itinerary).

Accordingly, the Court dismisses all claims related to the air conditioner incident for lack of personal jurisdiction. Because the Court dismisses for lack of personal jurisdiction, it need not address SAS's contention that Mr. Firsov lacks standing to bring claims based on the air conditioner incident because he was not the actual owner of the dogs who allegedly suffered on the flight. *See* FAC, Ex. (ECF Page 39) (invoice for animal hospital in Newfoundland, suggesting that the owner of the dog who was hospitalized – named Cruze Collins – was Roxane Collins).

C.      Preemption and Failure to State a Claim for Relief

Given the Court's analysis above, this leaves only Mr. Firsov's claims for relief based on the food/drink incident, plus his claim for violation of California's business registration laws. As to the former claims, SAS contends that they should be reduced to a single cause of action for liability pursuant to the Montreal Convention because the Montreal Convention preempts claims

based on other laws (such as state law).

The Court agrees that there is preemption.  The Montreal Convention provides:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.

Montreal Convention, art. 29.  The Montreal Convention further provides that a "carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, art. 17(1).  Thus, a "passenger's claim for injury during international travel is within the Convention's substantive scope, and is thus preempted, if those allegations occurred onboard an aircraft or during embarking or disembarking." *Agmon v. Jetblue Airways Corp.*, No. 24-CV-2393 (PKC) (CHK), 2025 U.S. Dist. LEXIS 189167, at *8 (E.D.N.Y. Sept. 25, 2025).  In the case at bar, the food/drink incident clearly took place on board the aircraft.

As for the viability of the sole Montreal Convention claim, SAS asserts that (1) Mr. Firsov's alleged "internal illness [in essence, hunger and thirst] does not constitute an 'accident' under Article 17, Mot. at 17; and that (2) "mental injury . . . unaccompanied by physical injury does not qualify as a bodily injury under Article 17," and Mr. Firsov's alleged hunger and thirst do not constitute physical injury for purposes of the Montreal Convention.  Mot. at 18.  The Court finds the second argument persuasive.  "Symptoms experienced must be more severe than mere hunger or thirst to constitute a physical manifestation of injury." *Vumbaca v. Terminal One Group Ass'n, L.P.*, 859 F. Supp. 2d 343, 365 (E.D.N.Y. 2012); *see also Ojide v. Air France*, No. 17-cv-3224 (KBF), 2017 U.S. Dist. LEXIS 162419, *5 (S.D.N.Y. Oct. 2, 2017) ("Plaintiffs' alleged injuries in their second claim include dehydration, deprivation of food, and various forms of emotional distress. None of these is a bodily injury' as defined under Article 17 of the Montreal Convention.").

/ / /

D.    Business Registration Claim

The remaining claim brought by Mr. Firsov is predicated on violation of California's business registration laws.  SAS argues that only businesses that conduct *intrastate* business are required to register, that it conducts *interstate* (not intrastate business) and thus is not required to register, and that, in any event, there is no private right of action for failure to register.

The Court concludes that dismissal of the business registration claim is appropriate.  First, Mr. Firsov does not clearly identify in his pleading what business registration laws have been violated.  At most he refers to the California Department of Tax and Fee Administration but that is not identification of the violation of any law.  Second, as SAS points out, the California Corporations Code does contain a requirement that "[a] foreign corporation shall not transact *intrastate* business without having first obtained from the Secretary of State a certificate of qualification," Cal. Corp. Code § 2105(a) (emphasis added), but there are no allegations in the operative complaint that SAS conducts intrastate, as opposed to interstate (or foreign) business.  *Compare id.* § 2101(a) (providing that "[a]ny foreign corporation (other than a foreign association) not transacting intrastate business *may* register its corporate name with the Secretary of State") (emphasis added).  Finally, as SAS argues, California Corporations Code § 2203(a) does provide that "[a]ny foreign corporation which transacts intrastate business and which does not hold a valid certificate from the Secretary of State may be subject to a penalty of twenty dollars ($20) for each day that unauthorized intrastate business is transacted."  *Id.* § 2203(a).  However, no authority suggests that an individual has a private right of action based on a company's violation of § 2105(a).  *See, e.g.*, *Davis v. Fallbrook Mortg. Corp.*, No. 34-2014-00172768, 2016 Cal. Super. LEXIS 16120, at *13 (Cal. Super. Ct. Jan. 29, 2016) (providing that violation of § 2105(a) does not give rise to a "private right of action which gives plaintiff standing to prosecute this [cause of action]").

E.    Plaintiff's Motion to Supplement/Amend

For the foregoing reasons, the Court dismisses all causes of action pled in the first amended complaint.  The dismissal of the claims is with prejudice as Mr. Firsov has failed to demonstrate that amendment of the claims would not be futile.

8

United States District Court
Northern District of California

This litigation, however, is not yet final because Mr. Firsov has filed a motion for leave to amend/supplement his complaint to add a new cause of action based on events that took place after he filed this lawsuit. In the motion, Mr. Firsov makes several assertions:

- That SAS discriminated against him on the basis of his U.S. citizenship (national origin) because it did not allow him to change seats free of charge during check-in on a flight from San Francisco to Warsaw. The flight was scheduled for December 4, 2025; Mr. Firsov attempted to change seats the day before when he was checking in.

- That SAS retaliated against him (in connection with the same flight above) by not allowing him to board the flight. The decision was made to retaliate against Mr. Firsov because he had filed the instant lawsuit and because he has a Russian passport. *See, e.g.*, Docket No. 84 (Mot. at 2) ("On 12/04/25 in SFO airport Defendant refused to issue boarding pass to Plaintiff and declared Plaintiff as blacklisting [sic] for filing this suit."); Docket No. 84 (Mot. at 1-2) ("Defendant also stated that they denied boarding due [to] origin of Plaintiff with Russian passport because Plaintiff is going to visit Russia during the war with Ukraine.").

Federal Rule of Civil Procedure 15(d) provides that,

> [o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

"Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). The focus of the rule is "judicial economy and convenience." *Id.*; *see also Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). In deciding whether to permit a supplemental complaint, a court should bear in mind that "'the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading,'" but this does not mean that the claims in the original and

9

supplemental complaint must have "arise[n] out of the same transaction." *Keith*, 858 F.2d at 474 (adding that "'the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion'"). A court should further take into account whether the supplemental pleading should be the subject of a separate action. *See Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (stating that Rule 15(d) "cannot be used to introduce a 'separate, distinct and new cause of action'"). Finally, a court should consider the same factors that are considered for Rule 15(a) amendment purposes – *e.g.*, prejudice to the opposing party, undue delay, and futility. *See Yates v. Auto City 76*, 299 F.R.D. 611, 613-14 (N.D. Cal. 2013) (Chen, J.).

Here, the Court, in the exercise of its discretion, shall not permit Mr. Firsov to supplement the complaint in this case.[3] If Mr. Firsov wishes to pursue the new claims related to the December 4 flight, he must file a new suit. Though these claims bear some minimal relation to the instant case as Mr. Firsov has claimed in part that SAS retaliated against him because he filed this action, the relationship between the claims pled in the FAC and the new claims are too attenuated to be part of the same action. As to Mr. Firsov's claim he was discriminated against based on being a U.S. citizen and/or a Russian passport holder, that is too far afield from the claims at issue in the FAC to warrant inclusion in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] The Court has made this ruling without ordering an opposition brief from SAS. However, SAS has not been prejudiced as a result because the Court is ruling in its favor and not permitting a supplemental complaint.

United States District Court
Northern District of California

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court grants SAS's motion to dismiss.  The dismissal is with prejudice because Mr. Firsov has failed to oppose and amendment would be futile.  The Court also denies Mr. Firsov's motion to file a supplemental complaint.

The Clerk of the Court is instructed to enter a final judgment in accordance with the above and close the file in the case.

This order disposes of Docket Nos. 84 and 92.

**IT IS SO ORDERED**.

Dated: January 21, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

11