UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>Plaintiff,<br><br>v.<br><br>SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,<br><br>Defendant. | Case No. 25-cv-03691-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND MOTION TO TRANSFER**<br><br>Docket Nos. 100-02 |

Pending before the Court are three matters: (1) Mr. Firsov's motion to reconsider; (2) Mr. Firsov's motion to transfer venue; and (3) SAS/SANA's request for civil contempt proceedings. The Court's rulings as to each are provided below.

## I.    DISCUSSION

A.    Motion to Reconsider

On January 21, 2026, the Court granted SAS's motion to dismiss Mr. Firsov's amended complaint. The Court addressed the merits of the motion even though Mr. Firsov had failed to file an opposition. The Court dismissed the case with prejudice, both because Mr. Firsov had failed to oppose and because further amendment would be futile. *See* Docket No. 96 (order). On January 26, 2026, a final judgment was entered in favor of SAS. *See* Docket No. 98 (final judgment). That same day, Mr. Firsov filed his pending motion to reconsider.

Because a final judgment has been entered, the Court construes Mr. Firsov's motion as one brought pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e) (providing that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

United States District Court
Northern District of California

> There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice . . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (same).

Here, Mr. Firsov does not assert that there is newly discovered or previously unavailable evidence; nor does he claim that there has been an intervening change in controlling law. At most, he contends a manifest error of law or fact or a manifest injustice. The Court rejects this contention.

As an initial matter, Mr. Firsov failed to file an opposition to the motion to dismiss. Given that failure, he cannot claim either a manifest error of law or fact or a manifest injustice.

Putting that fact aside, Mr. Firsov's motion fails on the merits. As to claims based on the air conditioner incident, the Court held that it did not have personal jurisdiction over SAS. Mr. Firsov argues that, under the Montreal Convention, the Court should have construed his flights from San Francisco to Copenhagen to Warsaw, and then from Warsaw to Copenhagen to Toronto to St. John's, and then from St. John's to Toronto to San Francisco, *see* FAC, Ex. (ECF Pages 27, 30), as a single international flight. But as the Court explained in its dismissal order, the Montreal Convention does not bar nation-states from imposing their *own* jurisdictional requirements. Mr. Firsov has failed to explain how this Court can have personal jurisdiction with respect to a SAS flight from Copenhagen to Toronto. The fact that Mr. Firsov later took a flight from St. John's to Toronto and then from Toronto to San Francisco is immaterial given that those flights were provided by an entirely different airline (Porter). *See* FAC, Ex. (ECF Page 30).

With respect to claims based on the food/drink incident, Mr. Firsov simply argues that "[p]hysical trauma inside body from external event is accident." Mot. at 2. But the Court did not dismiss the claims because Mr. Firsov had failed to allege an accident. Rather, the Court dismissed the claims because Mr. Firsov had failed to allege a bodily injury. *See* Docket No. 96 (Order at 7) ("'Symptoms experienced must be more severe than mere hunger or thirst to

constitute a physical manifestation of injury.'").

To the extent Mr. Firsov's motion may be considered a Rule 60(b) motion, he fares no better. He has not demonstrated that he is entitled to relief under any of the subsections of Rule 60(b).

The Court therefore denies the motion to reconsider.

B.    Motion to Transfer

Because the Court is denying Mr. Firsov's motion to reconsider, his motion to transfer (to the District of New Jersey) is moot. Furthermore, the motion is clearly forum shopping. Mr. Firsov chose to bring this suit in California. After receiving adverse rulings, he moved to disqualify the undersigned. That motion was denied. The motion to transfer is, in effect, an attempt to obtain a different adjudicator where there is no basis for doing so.

C.    Request for Civil Contempt Proceedings

Finally, the Court has received the notice from SAS and SANA that Mr. Firsov has failed to pay the monetary sanctions ($722) awarded by the Court. SAS and SANA ask that the Court initiate civil contempt proceedings and "consider additional monetary sanctions and/or a pre-filing order preventing Plaintiff from continuing his abuse of the federal judicial system." Not. at 4.

If SAS and/or SANA seek relief from the Court, then they must file a motion. If they choose to file a motion, then they must, *inter alia*, be specific about the relief being requested *and* provide authority to demonstrate that the relief sought is appropriate.

## II.    CONCLUSION

For the foregoing reasons, the Court denies Mr. Firsov's motion to reconsider and motion to transfer.

This order disposes of Docket Nos. 100-02.

**IT IS SO ORDERED**.

Dated: January 28, 2026

_____
EDWARD M. CHEN
United States District Judge

3