UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV, | Case No. 25-cv-03691-EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING SANA/SAS'S MOTION FOR PRE-FILING ORDER** |
| SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN, | Docket No. 105 |
| Defendant. | |

Plaintiff Sergey Firsov filed suit against Defendant Scandinavian Airlines of North America, Inc. ("SANA") – and then substituted Scandinavian Airlines System Denmark-Norway-Sweden ("SAS") for SANA – based on two incidents that took place during two different flights. As alleged, in the first incident, he was given a vegetarian meal instead of a chicken meal and only one free drink; in the second incident, the flight was too dry because of a broken air conditioner which purportedly caused damage to both Mr. Firsov and his dogs who were also on board.

In late 2025, the Court issued a monetary sanction against Mr. Firsov ($722) because he had, in bad faith, moved to strike a SANA filing. *See* Docket Nos. 58, 81, 88 (orders). Then, in early 2026, the Court dismissed Mr. Firsov's case, holding, *inter alia*, that (1) the Court lacked personal jurisdiction over SAS with respect to the air conditioner incident and that (2) Mr. Firsov failed to plead a physical injury as required by the Montreal Convention with respect to the food/drink incident. *See* Docket No. 96 (order). A final judgment was thus entered against Mr. Firsov. *See* Docket No. 98 (judgment).

Now pending before the Court is a motion for sanctions filed by SANA/SAS. SANA/SAS ask that the Court find Mr. Firsov in civil contempt because he still has not paid the $722

sanctions award issued by the Court. SANA/SAS also ask that the Court declare Mr. Firsov a vexatious litigant and impose a prefiling order. Finally, SANA/SAS request that the Court grant its attorneys' fees, either "in connection with this lawsuit and/or in connection with [the pending] motion." Mot. at 15. As indicated in its minute order at Docket No. 112, the Court has deferred ruling on the motion for contempt and its request for fees. This order addresses SANA/SAS's request that the Court declare Mr. Firsov a vexatious litigant and issue a prefiling order.

Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record and evidence of which the Court may take judicial notice, the Court hereby **GRANTS** SANA/SAS's motion for relief.

### I.    FACTUAL & PROCEDURAL BACKGROUND

Mr. Firsov is a pro se litigant. He is a serial litigator, both in state and federal court. In November 2020, he was declared a vexatious litigant by a Santa Clara Superior Court. *See* https://courts.ca.gov/news-reference/reports-publications/vexatious-litigant-list (last visited 6/23/2026); https://courts.ca.gov/system/files/file/vexlit.pdf (last visited 6/23/2026). Mr. Firsov has not been declared (as of yet) a vexatious litigant in federal court.

A.    Cases Filed in This District

Below is a chart that lists the cases Mr. Firsov has filed in this District, including the case at bar. As reflected in the chart, Mr. Firsov has filed 30 cases in this District in the period from March 26, 2025, through June 1, 2026 (*i.e.*, in a little over one year).[1]

- Out of the 30 cases, all but 3 have included at least one airline(s) as a defendant.
- In all of the 30 cases, Mr. Firsov moved for IFP status. The requests have been denied.
- About two-thirds of the 30 cases are now closed. Dismissals have taken place for a variety of reasons, including the following: failure to pay the filing fee; no viable federal claim under the Montreal Convention; voluntary dismissal; lack of personal

---

[1] Mr. Firsov also filed a suit on behalf of his minor child during this period. *See Firsov v. Church of Scientology of Silicon Valley*, No. C-25-3265 SVK (N.D. Cal.) (filed on 4/11/2025; closed on 8/20/2025.).

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

jurisdiction; and insufficient service of process.

| | Case No. | Case Name | Description of Case and Status | IFP Ruling |
|---|---|---|---|---|
| 1. | No. C-25-2841 NW | *Firsov v. Alaska Airlines* | Filed on 3/26/2025; **closed** on 6/23/2025.<br><br>Main factual allegations: airline failed to refund pet or baggage fee. Mr. Firsov claimed flight was part of larger international trip and he should not have had to pay pet/baggage fee for each leg of trip. Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: motion to reconsider; multiple motions to disqualify (magistrate judge and district judge).<br><br>Dismissal based on failure to pay filing fee. *See* Docket No. 37 (order). | Denied on 4/4/2025. |
| 2. | No. C-25-2898 SVK | *Firsov v. Frontier Airlines, Inc.* | Filed on 3/28/2025; **closed** on 11/21/2025.<br><br>Main factual allegations: airline failed to refund pet or baggage fee. Mr. Firsov claimed flight was part of larger international trip and he should not have had to pay pet/baggage fee for each leg of trip. Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: multiple motions to reconsider; multiple motions to disqualify.<br><br>Dismissal of federal claim based on Montreal Convention. No claim under Montreal Convention because "it cannot be reasonably inferred that [the] Frontier flight was part of his international travel" (*i.e.*, flight with Frontier was a "purely domestic flight"). Docket No. 58 (Order at 6). Supplemental jurisdiction over state law claims declined. *See* Docket No. 58 (Order at 7). | Denied on 4/3/2025. |

United States District Court
Northern District of California

3

| 3. | No. C-25-3198 JST | *Firsov v. Skyscanner, Inc.* | Filed on 4/9/2025; **closed** on 5/14/2026.<br><br>Main factual allegations: airline part of false advertising scheme regarding cost of airline tickets. Airline also canceled bookings and issued refunds without Mr. Firsov's consent.<br><br>Motions filed by Mr. Firsov include: motion to reconsider; motion to disqualify; motion to recover cost of service.<br><br>Voluntary dismissal of airline defendant after it filed motion to dismiss (based on lack of subject matter jurisdiction, insufficient service of process, lack of personal jurisdiction, and failure to state a claim for relief). *See* Docket No. 38 (notice of voluntary dismissal). | Denied on 6/3/2025 and 6/27/2026. |
| 4. | No. C-25-3387 RFL | *Firsov v. JetBlue Airways Corp.* | Filed on 4/16/2025; **closed** on 6/18/2025.<br><br>Main factual allegations: airline failed to refund pet or baggage fee. Mr. Firsov claimed flight was part of larger international trip and he should not have had to pay pet/baggage fee for each leg of trip. Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: motion to reconsider; motion to disqualify.<br><br>Dismissal based on failure to pay filing fee. *See* Docket No. 26 (order). | Denied on 4/18/2025. |
| 5. | No. C-25-3504 PCP | *Firsov v. Austrian Airlines AG* | Filed on 4/21/2025; effectively **closed** on 3/31/2026.<br><br>Main factual allegations: Mr. Firsov prevented from entering bathroom with his bag containing his dogs. Dogs were not able to drink water under the seat because space was too small. Dogs' health suffered. Mr. Firsov also claimed emotional distress. | Denied on 4/28/2025. |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | | Motions filed by Mr. Firsov include: motion to disqualify; multiple motions to reconsider; motion to transfer.<br><br>Dismissal based on failure to state a claim for relief and preemption by Montreal Convention.  *See* Docket No. 53 (Order at 4, 7). | |
| 6. | No. C-25-3689 AGT | *Firsov v. Turkish Airlines, Inc.* | Filed on 4/28/2025.<br><br>Main factual allegations: airline forced Mr. Firsov to use face recognition system in order to board (instead of doing a "manual check").  Mr. Firsov claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: motions to reconsider; motion for sanctions; motion to deny foreign sovereign immunity; motions to amend; motions to recover cost of service; motion for entry of default judgment; motions to strike. | Denied on 6/27/2025. |
| 7. | No. C-26-3691 EMC **[case at bar]** | *Firsov v. Scandinavian Airlines of N. Am., Inc.* | Filed on 4/28/2025; **closed** on 1/26/2026.<br><br>Main factual allegations: on one flight, airline gave Mr. Firsov a vegetarian meal and only one free drink; on another flight, air conditioner was broken, and both Mr. Firsov and his dogs suffered.  Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: multiple motions to reconsider; multiple motions to disqualify (magistrate judge and district judge); multiple motions to strike; multiple motion for sanctions.<br><br>Dismissal of food/drink claim because no physical injury, as required by Montreal Convention, was suffered. Dismissal of air conditioner claim based on lack of personal jurisdiction.  *See* Docket No. 96 (order). | Denied on 5/2/2025. |

| 8. | No. C-25-3784 BLF | *Firsov v. United Airlines, Inc.* | Filed on 5/1/2025; **closed** on 4/1/2026.<br><br>Main factual allegations: airline failed to honor advertised price of flight.  Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: multiple motions to reconsider; multiple motions to disqualify; multiple motions to strike; motion for sanctions.<br><br>Dismissal of claims against United based on, *e.g.*, failure to plead antitrust claim; dismissal of claims against Lufthansa based on lack of personal jurisdiction.  Order to show cause issued to as why case should not be dismissed for lack of subject matter jurisdiction. *See* Docket No. 104 (order).  Final order of dismissal based on lack of subject matter jurisdiction.  *See* Docket No. 109 (order). | Denied on 5/28/2025. |
| 9. | No. C-25-3903 CRB | *Firsov v. United Airlines, Inc.* | Filed on 5/5/2025; **closed** on 9/24/2025.<br><br>Main factual allegations: airlines failed to refund pet or baggage fees.  Mr. Firsov claimed flights part of larger international trip and he should not have had to pay pet/baggage fee for each leg of trip.  Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: motion to reconsider.<br><br>Voluntary dismissal.  *See* Docket No. 15 (notice).  Prior to voluntary dismissal, report and recommendation of dismissal for failure to pay filing fee.  *See* Docket No. 13 (R&R). | Denied on 6/3/2025. |
| 10. | No. C-25-4058 LJC | *Firsov v. Air Canada, Inc.* | Filed on 5/8/2025; **closed** on 9/2/2025.<br><br>Main factual allegations: Mr. Firsov was forced to incur expenses because airline delayed in getting his baggage to him; | Denied on 8/18/2025. |

United States District Court
Northern District of California

6

| | | | airline refused to reimburse him for expenses incurred.<br><br>Motions filed by Mr. Firsov include: N/A.<br><br>Voluntary dismissal. *See* Docket No. 12 (notice). Prior to voluntary dismissal, order to show cause why claims should not be dismissed for failure to pay filing fee. *See* Docket No. 11 (OSC). | |
|---|---|---|---|---|
| 11. | No. C-25-4726 EKL | *Firsov v. Moneygram Payment Sys., Inc.* | Filed on 6/6/2025; **closed** on 8/1/2025.<br><br>Not an airline case.<br><br>Dismissal based on failure to pay filing fee. *See* Docket No. 28 (order). | Denied on 6/12/2025. |
| 12. | No. C-25-4727 NC | *Firsov v. Western Union Fin. Servs., Inc.* | Filed on 6/4/2025; **closed** on 7/23/2025.<br><br>Not an airline case.<br><br>Dismissal based on failure to pay filing fee and lack of subject matter jurisdiction. *See* Docket No. 14 (order). | Denied on 6/11/2025. |
| 13. | No. C-25-4765 EKL | *Firsov v. Dandelion Payments, Inc.* | Filed on 6/5/2025; **closed** on 10/20/2025.<br><br>Not an airline case.<br><br>Dismissal based on failure to pay filing fee. *See* Docket No. 15 (order). | Denied on 8/15/2025. |
| 14. | No. C-25-5240 TLT | *Firsov v. JetBlue Airways Corp.* | Filed on 6/23/2025; **closed** on 1/6/2026.<br><br>Main factual allegations: airline failed to refund pet or baggage fee. Mr. Firsov claimed flight part of larger international trip and he should not have had to pay pet/baggage fee for each leg of trip. Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: multiple motions to reconsider.<br><br>Dismissal based on lack of subject matter jurisdiction. | Denied on 6/26/2025. |

| | | | Flights "did not constitute a single operation of international travel under the Montreal Convention." Docket No. 48 (Order at 4). | |
|---|---|---|---|---|
| 15. | No. C-25-5325 BLF | *Firsov v. Qatar Airways Grp.* | Filed on 6/25/2025; **closed** on 4/3/2026.<br><br>Main factual allegations: airline changed Mr. Firsov's flight which resulted in delayed arrival time. Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: multiple motions to reconsider.<br><br>Dismissal based on failure to state a claim. State law claims preempted by Montreal Convention; no viable Montreal Convention claim pled – no right to same-day rebooking on another carrier. *See* Docket No. 68 (Order at 3). | Denied on 7/22/2025. |
| 16. | No. C-25-5481 NW | *Firsov v. Aerovias Del Continente Americano S.A. Avianca* | Filed on 6/30/2025; **closed** on 2/20/2026.<br><br>Main factual allegations: airline downgraded Mr. Firsov from business class to economy, then wrongfully canceled ticket instead of processing partial refund.<br><br>Motions filed by Mr. Firsov include: motion to reconsider; motion to strike.<br><br>Dismissal based on insufficient service of process. *See* Docket No. 60 (order). | Denied on 8/15/2025. |
| 17. | No. C-25-5487 NW | *Firsov v. Alaska Airlines, Inc.* | Filed on 6/30/2025; **closed** on 3/5/2026.<br><br>Main factual allegations: airline failed to refund pet or baggage fee. Mr. Firsov claimed flight part of larger international trip and he should not have had to pay pet/baggage fee for each leg of trip. In addition, airline failed to provide paid-for food and drink. Mr. Firsov also claimed emotional distress. | Denied on 8/14/2025. |

United States District Court
Northern District of California

| | | | Motions filed by Mr. Firsov include: motion to reconsider; motion to strike; multiple motions for sanctions. Dismissal based on lack of subject matter jurisdiction. *See* Docket No. 61 (order). Insufficient allegations that "Alaska regarded itself as part of a single operation with any other air carrier" for purposes of Montreal Convention. Docket No. 61 (Order at 4). Declining supplemental jurisdiction over state law claims. *See* Docket No. 61 (Order at 5). | |
|---|---|---|---|---|
| 18. | No. C-25-7709 RS | *Firsov v. American Airlines, Inc.* | Filed on 9/10/2025; **closed** on 3/4/2026. Main factual allegations: airline failed to refund pet or baggage fee. Mr. Firsov claimed flight part of larger international trip and he should not have had to pay pet/baggage fee for each leg of trip. Mr. Firsov also claimed emotional distress. Motions filed by Mr. Firsov include: multiple motions to reconsider; motion to strike. Dismissal based on failure to amend. *See* Docket No. 33 (order). Prior to that order, order issued holding failure to state a claim for relief for breach of contract or applicability of Montreal Convention. *See* Docket No. 31 (Order at 3). | Denied on 10/2/2025. |
| 19. | No. C-25-8824 PHK | *Firsov v. Swiss Int'l Air Lines Ltd.* | Filed on 10/16/2025. Main factual allegations: airline subjected Mr. Firsov to face recognition system and "manual check." Mr. Firsov also claimed emotional distress. Motions filed by Mr. Firsov include: motion to reconsider. | Denied on 6/3/2026. |
| 20. | No. C-25-9203 EJD | *Firsov v. Deutsche Lufthansa Aktiengesellschaft* | Filed on 10/27/2025; **closed** on 5/12/2026. Main factual allegations: airline | Denied on 10/30/2025. |

| | | | did not allow Mr. Firsov to pet his cat who was in baggage under the seat.  Flight attendant grabbed Mr. Firsov's shoulder during disagreement over the matter.  Mr. Firsov claimed physical injury and emotional distress.<br><br>Motions filed by Mr. Firsov include: motion to recover cost of formal service.<br><br>Dismissal based on adoption of R&R.  Failure to comply with orders (related to service) and failure to prosecute.  *See* Docket No. 20 (R&R). | |
|---|---|---|---|---|
| 21. | No. C-25-9746 HSG | *Firsov. v. Marriott Int'l* | Filed on 11/17/2025.<br><br>Main factual allegations: airline should not have charged baggage fees and failed to give upgrades because of loyalty program in which Mr. Firsov was a participant.<br><br>Motions filed by Mr. Firsov include: motion to recover cost of service. | Denied on 11/26/2025. |
| 22. | No. C-26-0304 KAW | *Firsov v. Turkish Airlines Inc.* | Filed on 1/12/2026.<br><br>Main factual allegations: airline denied boarding to Mr. Firsov because of his Russian passport.  Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: motion to recover cost of formal service; motion to amend. | Denied on 1/15/2026. |
| 23. | No. C-26-0305 JD | *Firsov v. Scandinavian Airlines Sys. Denmark-Norway-Sweden* | Filed on 1/12/2026.<br><br>Main factual allegations: airline added Mr. Firsov to no-fly list and discriminated against Mr. Firsov based on his U.S. citizenship.<br><br>Motions filed by Mr. Firsov include: motion to recover cost of service. | Denied on 1/13/2026. |
| 24. | No. C-26-0343 BLF | *Firsov v. Skywest Airlines, Inc.* | Filed on 1/13/2026; **closed** on 6/5/2026. | Denied on 1/26/2026. |

United States District Court
Northern District of California

10

United States District Court
Northern District of California

| # | Case No. | Case Name | Description | Disposition |
|---|---|---|---|---|
| | | | Main factual allegations: airlines failed to "combine" domestic and international tickets that Mr. Firsov purchased separately.<br><br>Motions filed by Mr. Firsov include: motion to recover cost of service; motion to amend; motion to reconsider.<br><br>Dismissal based on lack of subject matter jurisdiction. *See* Docket No. 54 (order). | |
| 25. | No. C-26-0679 AMO | *Firsov v. Deutsche Lufthansa Aktiengesellschaft* | Filed on 1/22/2026.<br><br>Main factual allegations: airline denied Mr. Firsov boarding because he had two bags; airline delayed flight. Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: motion to recover cost of service. | Denied on 1/26/2026. |
| 26. | No. C-26-1131 YGR | *Firsov v. Frontier Airlines Inc.* | Filed on 2/5/2026; **closed** on 6/18/2026.<br><br>Main factual allegations: airline added Mr. Firsov to no-fly list; airline discriminated against Mr. Firsov based on national origin (Russian). Mr. Firsov also claimed emotional distress.<br><br>Motions filed by Mr. Firsov include: N/A.<br><br>Dismissal based on failure to pay filing fee. *See* Docket No. 14 (order). | Denied on 5/18/2026. |
| 27. | No. C-26-3425 RS | *Firsov v. Wizfair, LLC*<br><br>[airline] | Filed on 4/24/2026.<br><br>Main factual allegations: airline improperly canceled Mr. Firsov's ticket.<br><br>Motions filed by Mr. Firsov include: motion to reconsider.<br><br>Report and recommendation issued. Recommending dismissal based on failure to pay filing fee. *See* Docket No. 10 (R&R). | Denied on 4/24/2026. |
| 28. | No. C-26-4981 | *Firsov v. Deutsche Lufthansa* | Filed on 5/26/2026. | Denied on 6/3/2026. |

11

| | | | Main factual allegations: flight attendant told Mr. Firsov not to pet his cat that he had in the cabin as baggage and forced him to put the cat under the seat.<br><br>Motions filed by Mr. Firsov include: motion to reconsider. | |
|---|---|---|---|---|
| | KAW | *Aktiengesellschaft* | | |
| 29. | No. C-26-5047-KAW | *Firsov v. Starlux Airlines Co., LTD* | Filed on 5/28/2026.<br><br>Main factual allegations: after Mr. Firsov purchased ticket for flight, airline gave him a refund because it wanted to charge a higher price.<br><br>Motions filed by Mr. Firsov include: motion to reconsider. | Denied on 6/3/2026. |
| 30. | C-26-5195 KAW | *Firsov v. Polskie Linie Lotnicze LOT S.A.*<br><br>[airline] | Filed on 6/1/2026.<br><br>Main factual allegations: airline advertised a flight but Mr. Firsov was forced to buy three separate tickets for the flight instead of just one.<br><br>Motions filed by Mr. Firsov include: motion to reconsider. | Denied on 6/1/2026. |

B.    The Instant Case

The Court also reviews the litigation that has taken place in this case specifically because it is representative of how Mr. Firsov has chosen to litigate in most of his cases.  Below is a timeline.

- **4/28/2025.** Mr. Firsov filed the complaint.  *See* Docket No. 1.

- **5/2/2025.** Judge Westmore, the then-assigned judge, denied Mr. Firsov's IFP application.  *See* Docket No. 6 (order).

- **5/12/2025.** Mr. Firsov moved Judge Westmore to reconsider her ruling on his IFP application.  He also moved for her disqualification.  *See* Docket Nos. 7-8 (motions).

- **6/24/2025.** Judge Westmore denied both the motion to reconsider and the motion to disqualify.  *See* Docket No. 10 (order).

- **7/31/2025.** Mr. Firsov moved to recover the cost of serving SANA.  *See* Docket No. 15 (motion).

12

United States District Court
Northern District of California

- **8/18/2025.** SANA filed a motion to dismiss. *See* Docket No. 16 (motion).

- **8/25/2025.** The instant case was reassigned to this Court. *See* Docket No. 23 (order).

- **9/25/2025.** The Court denied Mr. Firsov's motion to recover the cost of service. The Court also granted SANA's motion to dismiss on the basis that Mr. Firsov had named the wrong defendant, and gave Mr. Firsov leave to amend to name the correct defendant and clarify the damages sought. The Court stated that the request to declare Mr. Firsov a vexatious litigant was premature. *See* Docket No. 34 (order). The Court added: "To be clear, the Court is neither endorsing nor condemning what appears to be Mr. Firsov's practice of suing airlines, sometimes for what are arguably minor events. It appears Mr. Firsov's 'business model' for these lawsuits is to seek IFP status (so that he does not have to pay the court filing fees), ask for emotional distress damages, and (perhaps to account for the possibility of no or little emotional distress damages) ask to be refunded the cost of his airline tickets (not insignificant given that international travel is involved). But Mr. Firsov is not the first person or entity to use litigation as a business model. Sometimes those models are successful; sometimes they are not. And as noted above, should Mr. Firsov take frivolous positions, he runs the risk of sanctions." Docket No. 34 (Order at 4).

- **9/30/2025.** Mr. Firsov moved the Court to reconsider its order denying his motion to recover the cost of service. *See* Docket No. 35 (motion).

- **10/1/2025.** The Court denied Mr. Firsov's motion to reconsider. *See* Docket No. 37 (order).

- **10/6/2025.** Mr. Firsov moved the Court to reconsider its order granting SANA's motion to dismiss. *See* Docket No. 40 (motion). Mr. Firsov also filed a motion seeking sanctions against defense counsel. *See* Docket No. 41 (motion).

- **10/7/2025.** The Court denied Mr. Firsov's motion to reconsider. In its order, the Court expressly noted that SANA did not violate the Civil Local Rules regarding

page length. *See* Docket No. 42 (order).

- **10/14/2025.** Mr. Firsov filed a motion to strike the motion to dismiss that SANA had filed and the Court had granted. *See* Docket No. 44 (motion). Mr. Firsov also filed another motion to recover the cost of service. *See* Docket No. 45 (motion).

- **11/6/2025.** The Court issued an order that addressed the pending matters. *First*, the Court denied Mr. Firsov's motion for sanctions, noting, *inter alia*, that it had already rejected his contention that SANA had filed excess pages. *Second*, the Court denied Mr. Firsov's motion to strike SANA's motion to dismiss – again noting (among other things) that there was no violation of the Civil Local Rules on page length. The Court emphasized that Mr. Firsov was relying on an order from Judge Freeman to support his position that SANA had filed excess pages, but Judge Freeman had vacated that order. *Third*, the Court denied (for a third time) Mr. Firsov's attempt to recover the cost of service on SANA. *Fourth*, the Court granted SANA/SAS's request for sanctions on a limited basis. Specifically, it sanctioned Mr. Firsov for filing his motion to strike (related to excess pages) because it was patently meritless and filed in bad faith. It ordered the parties to provide supplemental briefing to address the amount of monetary sanctions. *See* Docket No. 58 (order).

- **11/10/2025.** Mr. Firsov moved for reconsideration of the order above. *See* Docket No. 61 (motion).

- **11/18/2025.** Mr. Firsov moved to disqualify the undersigned. *See* Docket No. 64 (motion).

- **11/20/2025.** SANA/SAS moved for sanctions against Mr. Firsov. The sanctions sought included attorneys' fees, terminating sanctions, and a prefiling order. *See* Docket No. 69 (motion).

- **11/24/2025.** Mr. Firsov moved for a default judgment as to SAS. *See* Docket No. 74 (motion).

- **11/25/2025.** Mr. Firsov moved to strike SANA/SAS's motion for sanctions. *See*

14

United States District Court
Northern District of California

Docket No. 76 (motion). He also moved for sanctions against defense counsel. *See* Docket No. 77 (motion).

- **12/7/2025.** The Court denied Mr. Firsov's motion to disqualify. *See* Docket No. 80 (order). The Court also denied Mr. Firsov's motion to reconsider the rulings made in its order of November 6, 2025. *See* Docket No. 81 (order).

- **12/11/2025.** The Court denied Mr. Firsov's motion for a default judgment. It rejected Mr. Firsov's contention that he had properly served SAS. *See* Docket No. 85 (order).

- **12/15/2025.** The Court denied SANA/SAS's request for sanctions except to the extent the Court had already sanctioned Mr. Firsov for filing the motion to strike based on excess pages. The Court issued monetary sanctions in favor of SANA/SAS in the amount of $722; directed that payment should be made no later than December 31, 2025; and ordered the parties to meet and confer to determine how best to convey the funds to SANA/SAS. The Court expressly warned Mr. Firsov that failure to pay meant that he could be held in civil contempt. The Court denied Mr. Firsov's motion for sanctions. *See* Docket No. 88 (order).

- **12/18/2025.** Mr. Firsov moved the Court to reconsider its order sanctioning him. *See* Docket No. 89 (motion).

- **12/22/2025.** The Court denied Mr. Firsov's motion to reconsider. *See* Docket No. 90 (order).

- **12/30/2025.** SAS filed a motion to dismiss. *See* Docket No. 92 (motion).

- **1/21/2026.** The Court granted SAS's motion to dismiss. It held, *inter alia*, that (1) the Court lacked personal jurisdiction over SAS with respect to the air conditioner incident; (2) Mr. Firsov failed to plead physical injury for purposes of the Montreal Convention with respect to the food/drink incident; and (3) to the extent Mr. Firsov brought a claim for failure to register as a business in California, there was no private right of action. *See* Docket No. 96 (order). A final judgment was entered against Mr. Firsov.

15

United States District Court
Northern District of California

- **1/26/2026.** Mr. Firsov moved for reconsideration of the above order. *See* Docket No. 100 (motion). He also filed a motion to change venue. *See* Docket No. 101 (motion).

- **1/28/2026.** The Court denied both of Mr. Firsov's motions. *See* Docket No. 103 (order).

- **3/13/206.** SANA/SAS filed a motion for civil contempt because Mr. Firsov had failed to pay the monetary sanctions award of $722. It also moved to declare Mr. Firsov a vexatious litigant and for issuance of a prefiling order.

- **6/18/2026.** The Court deferred ruling on the contempt motion. The Court granted the request that Mr. Firsov be declared a vexatious litigant. This order memorializes the basis for the Court's ruling and provides further analysis as necessary.

## II.    DISCUSSION

SANA/SAS ask that the Court declare Mr. Firsov a vexatious litigant and impose a pre-filing review requirement – *i.e.*, bar Mr. Firsov from filing, in the future, *any* lawsuit in the District without prior permission from a judge in the District. In his opposition brief, Mr. Firsov failed to address this issue.

At the hearing, Mr. Firsov tried to submit a motion to strike, *see also* Docket No. 110 (motion, filed on the docket approximately two hours before the hearing), but the Court denied the motion. The motion was not timely filed. Mr. Firsov has been on notice of SANA/SAS's vexatious litigant motion since March 2026. Moreover, on the merits, Mr. Firsov's motion to strike is without merit. It raises an argument that the Court has already rejected – *i.e.*, that a specially appearing defendant cannot ask for or be awarded sanctions.

The Ninth Circuit has recognized that courts have the inherent power "'to regulate the activities of abusive litigants.'" *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of

other litigants." *Id.* at 1149.  Based on the All Writs Act, 28 U.S.C. § 1651(a),[2] a court may impose a prefiling order on a litigant – *i.e.*, an order requiring that a plaintiff's complaint be subject to judicial review before it can be accepted for filing.  *See id.* at 1147.  An order requiring prefiling review, however, should "rarely be filed," and, if issued, should be "carefully tailored." *Id.*

In *De Long*, the Ninth Circuit laid out four factors for a court to consider before entering a prefiling order.

- First, the court must give the litigant notice and an opportunity to be heard before imposing the prefiling order.  *See id.*

- Second, the court must create an adequate record for review – *i.e.*, the court must list all cases and motions that could lead to a conclusion that the litigant is abusing the judicial system and that a vexatious litigant order is needed.  *See id.*

- Third, the court must make a substantive finding as to the frivolous *or* harassing nature of the litigant's actions.  *See id.* at 1148.

- Fourth, the prefiling order must not be overly broad and must be "narrowly tailored to closely fit the specific vice encountered." *Id.*

The first and second factors are "procedural considerations – that is, the factors define '[a] specific method or course of action' that district courts should use to assess whether to  declare a party a vexatious litigant and enter a pre-filing order."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  The third and fourth factors are "substantive considerations – that is, the factors help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.* at 1058.

For the third and fourth (*i.e.*, substantive) factors, the Ninth Circuit has stated that the following may be taken into account:

---

[2] Section 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

United States District Court
Northern District of California

United States District Court
Northern District of California

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (taking note that these considerations are used by the Second Circuit).

*Molski* is an instructive case with respect to how a court should evaluate the four *De Long* factors – in particular, the third which requires that a court consider whether a litigant has engaged in abusive (*i.e.*, frivolous *or* harassing) conduct. In *Molski*, the plaintiff was a physically disabled person who used a wheelchair. He had filed about 400 disability accommodation suits in federal district courts in California. *See id.* at 1050. In the specific case under consideration, the plaintiff alleged that, during a trip, he stopped at a restaurant to eat. While there, he went to the bathroom. "Molski was able to pass through the narrow restroom door, but there was not enough clear space to permit him to access the toilet from his wheelchair. Molski then exited the restroom, and in the course of doing so, got his hand caught in the restroom door, 'causing trauma' to his hand." *Id.* at 1050-51.

For the third *De Long* factor, the Ninth Circuit noted that, to decide whether a plaintiff's actions are frivolous or harassing, a district court must evaluate both the number and content of the plaintiff's filings. The number of suits that the plaintiff had filed was clearly high. As for the content of the plaintiff's suits, the Ninth Circuit held the district court did not clearly err in finding it problematic – *i.e.*, both frivolous and harassing.

With respect to frivolity, the Ninth Circuit recognized that,

> [b]ecause many of the violations Molski challenged were similar, it would have been reasonable for [his] complaints to contain similar allegations of barriers to entry, inadequate signage, and so on. However, it is very unlikely that Molski suffered the same injuries, often multiple times in one day, performing the same activities – transferring himself from his wheelchair to the toilet or negotiating accessibility obstacles. Common sense dictates that Molski would have figured out some way to avoid repetitive injury-causing activity; even a young child who touches a hot stove quickly learns to avoid pain by not repeating the conduct. The district court's conclusion that Molski "plainly lied" in making his injury allegations was not clearly erroneous.

> In light of the district court's finding that Molski did not suffer the injuries he claimed, it was not clearly erroneous for the district court to conclude that the large number of complaints filed by Molski containing false or exaggerated allegations of injury were vexatious.

*Id.* at 1059; *see also id.* at 1060-61 (emphasizing that a frivolous case is not simply one where the "legal claim is entirely without merit[;] [i]t is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions" – either "grossly exaggerated or totally false").

As for harassment,

> [t]he district court's determination that Molski harassed defendants into cash settlements was justified by its findings regarding Molski's litigation strategy. California law provides that a plaintiff who suffers discrimination based on his or her disability may recover up to three times the amount of actual damages for each offense, and that, at a minimum, the plaintiff must recover damages of not less than $ 4000. Cal. Civ. Code § 52(a). Thus, Molski usually sought damages of not less than $ 4000 for each day that a facility did not comply with the ADA. Because Molski would often wait to file suit until a full year elapsed since his visit to the defendants' establishments, defendants often faced claims for statutory damages of over one million dollars. While Molski's claim for daily damages might have been legally justified, it was not clearly erroneous for the district court to find that Molski's litigation strategy evidenced an intent to harass businesses into cash settlements.

> The district court also did not err when it inferred an intent to harass defendants into settlement from the fact that Molski had tried on the merits only one of his roughly 400 ADA cases and the fact that Molski and the Frankovich Group targeted ethnic restaurants viewed as easy prey for coercive claims.

*Id.* at 1059-60.

In the instant case, the Court finds that there is a sufficient basis and need to declare Mr. Firsov a vexatious litigant, particularly because his conduct has been harassing. That is, his means of litigating has been abusive. He has typically challenged any adverse order (even just an order denying him IFP status) with a motion to reconsider. In the wake of an adverse order, he has also routinely filed motions to disqualify. In addition, he has in many instances filed motions to strike filings made by the airlines and/or motions to sanction the airlines – thus further multiplying proceedings. Although his requests for IFP have repeatedly been denied, such that Mr. Firsov has had to pay thousands in filing fees alone, he still continues to seek IFP status in his most recently-filed cases. There is no indication that Mr. Firsov is making decisions based on the particulars of

19

any case but rather is taking a scorched earth approach. Mr. Firsov has caused needless expense to the airlines he has sued and imposed an unnecessary burden on the undersigned and other judges in this District. Lesser sanctions would not be effective as demonstrated by the fact that this Court previously imposed monetary sanctions on Mr. Firsov because of the way he conducted the litigation in this case, but he still did not pay which resulted in SANA/SAS moving for contempt.[3] Moreover, in spite of this Court's orders warning Mr. Firsov that he could be sanctioned for misconduct and issuing sanctions, Mr. Firsov has not changed his litigation tactics.

As for frivolity, the Court begins by noting that, to date, Mr. Firsov has not prevailed in any of the suits he has filed. In fact, approximately two-thirds of the cases have already been closed and did not make it past the pleading stage.

Furthermore, Mr. Firsov may have been treated poorly by the airlines, but overall the alleged misconduct is relatively minor such that Mr. Firsov's claims of emotional distress ring hollow. (Notably, Mr. Firsov has sought not only emotional distress damages for himself but also his pets.) And the Montreal Convention does not even allow for pure emotional distress, requiring that there be physical injury in the first instance. *See* Docket No. 88 (Order at 8). Furthermore, Mr. Firsov's attempt to get the entire cost of his international tickets reimbursed is highly questionable given that the airlines (for the most part) did provide him with travel.

Mr. Firsov has also taken frivolous positions in many cases. For example:

- Mr. Firsov has repeatedly applied for IFP status in spite of having paid thousands for international flights and thousands in filing fees after his IFP applications were denied. In addition, he has repeatedly applied for IFP status even though judges in this District have repeatedly denied the motions. When the judges deny his motions, he promptly moves to reconsider.

- Mr. Firsov asserted in one case (No. C-25-3504) that the airline engaged in wrongdoing by preventing him from taking his dog to the plane bathroom.

---

[3] The Court has temporarily deferred ruling on SANA/SAS's motion for contempt because Mr. Firsov offered to pay the sanctions award in installments.

- In the instant case (No. C-25-3631), Mr. Firsov complained about being served a vegetarian meal because he is a man and needs to eat meat. (And in another case, he alleged that that he *voluntarily* ordered a vegetarian meal. *See* No. C-25-5481 (Compl. ¶ ) (alleging that "Plaintiffs called to airline to order vegetarian meal").)

- In one case (No. C-25-3387), Mr. Firsov took a flight with Lufthansa from San Francisco to Poland to Miami, and then a flight with JetBlue from Fort Lauderdale to San Francisco. In spite of the different Florida airports used, Mr. Firsov claimed that JetBlue should not have charged him a baggage fee because the Lufthansa and JetBlue flights were part of a single international trip.[4]

- In one case (No. C-25-4058), where Mr. Firsov's baggage was delayed, Mr. Firsov suggested that it was reasonable for him to spend $1,100 on winter and summer clothing and shoes as emergency expenses.

- In one case (No. C-25-5325), Mr. Firsov claimed (in the amended complaint) that, because of a delayed flight, he had to spend $10,000 to take a private jet to make a meeting with the Deputy of the Ministry of Health of Kazakhstan.

Accordingly, the Court finds that Mr. Firsov's actions in the suits he has filed in this District are harassing and/or he has repeatedly taken frivolous positions. Because Mr. Firsov is an abusive litigant, there is a sufficient basis and need to declare him a vexatious litigant, and the Court shall impose a prefiling order.

The Court, however, rejects the breadth of the prefiling order sought by SANA/SAS. The Ninth Circuit has expressly cautioned that a prefiling order must be narrowly tailored to the specific vice encountered. Given Mr. Firsov's conduct to date, the Court concludes that prefiling review is needed only with respect to lawsuits that Mr. Firsov files against airlines specifically. This does not mean the Court is precluding a broader prefiling order from being imposed on Mr. Firsov in the future. Mr. Firsov is forewarned that should he continue to litigate as he has done, he

---

[4] Possibly, Mr. Firsov has repeatedly tried to characterize domestic flights as international so that he can bring a claim pursuant to Montreal Convention and get access to the federal courts. He is a vexatious litigant in state court.

21

risks being sanctioned with a broader prefiling order. But, at this juncture, the Court shall require prefiling review only where a named defendant is an airline.

### III.    CONCLUSION

For the foregoing reasons, the Court grants SANA/SAS's motion to declare Mr. Firsov a vexatious litigant.

The Clerk of this Court shall not file or accept any further complaints or other case initiating documents filed by or on behalf of Mr. Firsov alleging any claims against an airline unless and until that complaint or other filing has first been reviewed by the General Duty Judge of this Court and approved for filing, or if Mr. Firsov is represented by a licensed attorney admitted to practice in this Court.

If Mr. Firsov wishes to file a pro se complaint or other case-initiating document against an airline, he shall first provide the following documents to the Clerk of this Court:

- The complaint or other case-initiating document Mr. Firsov wishes to be filed; **and**
- A letter explaining why the filing is not frivolous legally and factually, along with a copy of this Order.

The Clerk of the Court shall then forward the document presented for filing, Mr. Firsov's letter, and a copy of this Order to the General Duty Judge. If the General Duty Judge determines the complaint or other case-initiating document should not be accepted for filing because it is frivolous, the Clerk shall return the complaint to Mr. Firsov without filing it.

Any action filed in violation of this order will be subject to sua sponte dismissal.

Any action filed in another forum and removed or transferred to this Court will be subject to similar review by the assigned judge of this Court.

This order disposes of Docket No. 105.

**IT IS SO ORDERED**.

Dated: June 23, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

22