United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,
Plaintiff,
v.
SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,
Defendant.

Case No. 25-cv-03691-EMC

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALITY; AND GRANTING PLAINTIFF'S MOTION TO RECONSIDER**

Docket Nos. 126-27

Previously, the Court entered an order imposing a prefiling review requirement on Mr. Firsov. *See* Docket No. 113 (order). The Court subsequently amended the scope of the prefiling order – specifically, after finding that Mr. Firsov was acting in bad faith and trying to work-around the requirement of prefiling review. *See* Docket No. 124 (order). Now pending before the Court are two motions filed by Mr. Firsov: (1) a motion for disqualification and (2) a motion for reconsideration. The Court hereby **DENIES** the motion for disqualification but **GRANTS** the motion for reconsideration. Although the Court grants the motion for reconsideration, it does not give Mr. Firsov any further relief for the reasons discussed below.

## I. DISCUSSION

A. Motion for Disqualification

Mr. Firsov moves for the disqualification of the undersigned pursuant to 28 U.S.C. § 455. This is the third motion for disqualification that Mr. Firsov has filed in this case (the second directed at the undersigned). As the Court has noted in its prior disqualification order, *see* Docket No. 80 (order), § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Ninth Circuit has

explained that, under § 455, the question is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTierna*n, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). "[Section] 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008).

Mr. Firsov makes two arguments in support of disqualification. Neither has merit.

First, Mr. Firsov asserts that, on the day of the hearing for SANA/SAS's motion for a prefiling order, he went to the courtroom and, even though the door to the courtroom was "closed" (the hearing had not yet started), he saw "multiple judges sit there [at the courtroom] table and discuss[] him." Docket No. 126 (Firsov Decl., ECF Page 2). According to Mr. Firsov, the undersigned got advice from the other judges on how to "punish" Mr. Firsov, and the undersigned said he would issue a prefiling order because he did not "like [Mr. Firsov] personally," and the other judges agreed. Docket No. 126 (Firsov Decl., ECF Page 2).

Mr. Firsov's accusations are false. The Court has personal knowledge of the events of that day. Before the hearing, the undersigned had a lunch with court staff in the courtroom. There was no meeting with other judges. Furthermore, the undersigned did not make any statement along the lines suggested by Mr. Firsov. Mr. Firsov has simply engaged in speculation – as can be inferred from the fact that he admits the courtroom door was closed. Moreover, if events had indeed transpired as claimed by Mr. Firsov, then one would have expected a motion for disqualification to be filed immediately after the hearing. That did not happen. The hearing took place on June 18, 2026, *see* Docket No. 112 (minutes); Mr. Firsov did not file his motion to disqualify until August 24, 2026. *See* Docket No. 126 (motion). And notably, this was only days after the Court expanded the scope of the prefiling order and denied Mr. Firsov's attempts to delay payment of a monetary sanctions award – *i.e.*, issued rulings adverse to Mr. Firsov. *See* Docket Nos. 124-25 (orders).

Second, Mr. Firsov has moved for disqualification because the Court expanded the scope of the prefiling order "without hearing and without arguments from parties." Docket No. 126

(Mot., ECF Page 1). Here, Mr. Firsov is simply complaining about an adverse ruling, and that is not a basis to warrant disqualification. To the extent Mr. Firsov raises the issue of notice and an opportunity to be heard, that is addressed below in conjunction with his motion for reconsideration.

B. Motion for Reconsideration

In his second motion, Mr. Firsov argues that the Court should reconsider its order expanding the scope of its prefiling order because it was issued without first giving him notice and an opportunity to be heard. The Court grants the motion to reconsider because Mr. Firsov has raised at least a colorable argument that the Court committed legal error.

To be clear, however, the Court is not holding that notice and opportunity were necessarily required under the specific circumstances before the Court. The Ninth Circuit has held that, as a matter of due process, a litigant must be given notice and an opportunity to be heard before a prefiling order is imposed. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). But here, a prefiling order had already been imposed back in June 2026. In August 2026, the only issue was the scope of the prefiling order – a matter that had been discussed at the June 2026 hearing where the Court, to Mr. Firsov's benefit, rejected the scope suggested by SANA/SAS and instead imposed a narrower scope. *See* Docket No. 113 (Order at 21) (providing that "prefiling review is needed only with respect to lawsuits that Mr. Firsov files against airlines specifically"). The fact that Mr. Firsov sought to exploit the benefit given him – duplicating cases he had previously filed against airlines but naming an airline-adjacent defendant instead – was bad faith.

But, even assuming, for Mr. Firsov's benefit, that he should have been given notice and an opportunity to be heard, there is little doubt that notice and opportunity have now been afforded to him. He received the expanded prefiling order and he filed a motion to reconsider. The problem for Mr. Firsov is that he has failed to provide any argument as to why an expanded prefiling order is not appropriate. The record regarding his prior litigation history is not materially different – if anything, is worse. Mr. Firsov's conduct has been, and continues to be, frivolous *and* harassing. Mr. Firsov's attempt to work around the prefiling order was bad faith. Expanding the scope of the prefiling order – marginally – to cover those who are a part of or related to the airline industry is

United States District Court
Northern District of California

warranted given Mr. Firsov's litigation history. In short, the Court has considered all four *De Long* factors, and the expanded scope of the prefiling order is justified.

## II. CONCLUSION

For the foregoing reasons, the motion to disqualify is denied and the motion to reconsider is granted. However, no further relief is issued to Mr. Firsov, and the expanded scope of the prefiling order was proper.

This order disposes of Docket Nos. 126 and 127.

**IT IS SO ORDERED**.

Dated: August 31, 2026

EDWARD M. CHEN
United States District Judge