UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

Plaintiff,

v.

SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,

Defendants.

Case No. 25-cv-03691-EMC

**ORDER FINDING PLAINTIFF IN CIVIL CONTEMPT**

Docket Nos. 129, 130-1

The issue before the Court is whether Mr. Firsov should be found in civil contempt.

## I. FACTUAL & PROCEDURAL BACKGROUND

In November 2025, the Court issued monetary sanctions against Mr. Firsov. Although much of Mr. Firsov's litigation conduct was arguably undertaken in bad faith, the Court made a narrow ruling that Mr. Firsov had engaged in bad faith conduct only with respect to a motion to strike that he had filed. *See* Docket No. 58 (order).

In December 2025, the Court made a ruling on the amount of monetary sanctions. Specifically, it ordered Mr. Firsov to pay SANA/SAS $722, which represented the attorneys' fees they had incurred in connection with drafting its opposition to Mr. Firsov's motion to strike. The Court gave Mr. Firsov a deadline by which to make the payment (December 31, 2025), and warned him that, if he failed to pay, he risked being held in civil contempt. *See* Docket No. 88 (order).

After Mr. Firsov failed to pay, SANA/SAS moved for an order holding Mr. Firsov in civil contempt. The Court held a hearing on the motion in June 2026. The Court deferred ruling on the motion because, at the hearing, Mr. Firsov voluntarily offered to make installment payments over

United States District Court
Northern District of California

a six-month period. The Court noted that, if Mr. Firsov timely made each installment payment, then it would be inclined not to find Mr. Firsov in contempt and would not award any attorneys' fees against him. "However, if Mr. Firsov fails to make each and every payment, the Court is inclined to find Mr. Firsov in contempt, award attorneys' fees, and issue coercive sanctions (*e.g.*, sanction Mr. Firsov $50 a day for each day that the monetary sanctions are not paid in full)." Docket No. 112 (minutes).

On August 5, 2026, after SANA/SAS reported that Mr. Firsov had failed to make even the first installment payment, the Court issued an order to show cause. The Court ordered Mr. Firsov to show cause as to why he should not be held in contempt for failure to pay. The Court also stated that Mr. Firsov could discharge the order to show cause if he were to pay the full amount of the monetary sanctions. "If Mr. Firsov fails to show cause or otherwise discharge this order to show cause, the Court shall issue coercive sanctions as indicated above (*i.e.*, $50 per day) and further shall award attorneys' fees to SANA/SAS – at the very least, the reasonable fees incurred with respect to the motion for civil contempt." Docket No. 117 (Order at 2).

On August 10, 2026, after considering Mr. Firsov's response to the order to show cause, the Court rescinded its prior order allowing Mr. Firsov to make installment payments and ordered him to make the full payment ($722) to SANA/SAS by September 10, 2026. *See* Docket No. 120 (Order at 2) (acknowledging Mr. Firsov's claimed inability to pay but noting that "he voluntarily offered to make installment payments, and there is nothing to show that his situation has materially changed since the June 2026 hearing on the contempt motion"); *see also* Docket No. 113 (Order at 19) (noting that Mr. Firsov's requests to proceed in forma pauperis in different cases "have repeatedly been denied, such that Mr. Firsov has had to pay thousands in filing fees"). The Court noted that, if Mr. Firsov did not pay in full, then it would find Mr. Firsov in civil contempt, issue coercive monetary sanctions ($50 per day), and award SANA/SAS their attorneys' fees related to their motion for civil contempt. *See* Docket No. 120 (Order at 2-3).

Mr. Firsov failed to pay the $722 monetary sanctions award to SANA/SAS. He did not make even a partial payment. *See* Docket No. 129 (Nowinski Decl. ¶ 2).

/ / /

Acknowledging his failure to pay, Mr. Firsov filed a declaration in which the main points are as follows: (1) he "has [a] negative balance on [his] checking account"; (2) he asked SANA/SAS to pay by credit card; (3) he offered to pay SANA/SAS in "7 years [when] his kids will [be] grow[n]" and the "withdraw[al] by court order from his salary [for child support] ends." Firsov Decl. ¶¶ 2, 5. In essence, Mr. Firsov is again asserting an inability to pay. But Mr. Firsov has failed to establish an inability to pay. As indicated above, he was able to pay the Court filing fee for multiple cases, and he has not shown he cannot make even installment payments as he **voluntarily** offered to do. Furthermore, even if Mr. Firsov has a negative balance on one checking account, that does not mean Mr. Firsov does not have other assets (including, but not limited to, other checking accounts or savings accounts).

## II. DISCUSSION

Taking into all of the above, the Court now finds Mr. Firsov in civil contempt. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) ("'Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.'"). He has failed to comply with the Court's order that he pay SANA/SAS $722 as a monetary sanction. Mr. Firsov has had approximately nine months to pay, but he has failed to do so, not even making a partial payment as a demonstration of good faith. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) ("The [moving party] bore the burden to show (1) that [the opposing party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence."). In addition, Mr. Firsov has failed to show an inability to pay. *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239, 1241 (9th Cir. 1999) (noting that, if the moving party meets its burden, then the burden shifts to the contemnor to demonstrate why it did not comply; "[a] party's inability to comply with a judicial order constitutes a defense to a charge of civil contempt," but a party claiming impossibility "must show 'categorically and in detail' why he is unable to comply"); *see also Huber v. Mar. Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (stating that the it is "the alleged contemnor's burden . . . to establish his inability [to comply] clearly, plainly, and unmistakably").

Because the Court has found Mr. Firsov in civil contempt, and he has failed to show an inability to pay, the Court also orders **coercive sanctions**.[1] *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (noting that a civil contempt order can serve to coerce party to obey a court order; coercive sanctions generally take the form of conditional fines). Beginning **October 15, 2026**, the Court sanctions Mr. Firsov $50 a day for each day that the monetary sanctions to SANA/SAS are not paid in full. The coercive sanctions are to be paid to the Clerk of the Court. *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) ("If the fine, or any portion of the fine, is coercive, it should be payable to the court, not [the opposing party]."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) (same); *In re Yan*, No. 11-cv-01814-RS(RMI), 2022 U.S. Dist. LEXIS 236506, at *5 (N.D. Cal. Nov. 21, 2022) (R&R) ("[T]he overwhelming weight of case authorities direct that [coercive] fines are payable to the court.").

In addition, because Mr. Firsov is in civil contempt, the Court orders **compensatory sanctions**. *See Shell Offshore*, 815 F.3d at 629 (noting that civil compensatory sanctions are remedial and typically take the form of unconditional monetary sanctions). Specifically, the Court orders that SANA/SAS be compensated their reasonable attorneys' fees incurred in moving for civil contempt *once he failed to pay the first installment payment on July 2, 2026*.[2] *See* Docket No. 112 (minutes) (discussing installment payment plan). SANA/SAS shall file a brief, along with any supporting evidence, regarding the reasonable fees incurred by **October 7, 2026**. Mr. Firsov shall then have until **October 21, 2026,** to file a responsive brief, along with any supporting evidence, as to why the fees are not reasonable.

---

[1] *See FTC v. Leshin*, 719 F.3d 1227, 1234 (11th Cir. 2013) (noting that "ability to pay is a complete defense" to a coercive sanction because "[i]t is futile to punish defendants in an attempt to compel them to do that which they cannot do""); *Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657-58 (2d Cir. 2004) (noting that, in calculating a coercive sanction, a court should consider, *inter alia*, the contemnor's ability to pay; but "'[a] contemnor's failure to provide financial information upon which the burden of a sanction may be evaluated may not . . . result in a holding that the district court abused its discretion in imposing the sanction'"),

[2] To be clear, SANA/SAS is not permitted to seek fees for other work performed, such as moving for a declaration that Mr. Firsov is a vexatious litigant.

At this juncture, the only sanctions imposed by the Court are the coercive and compensatory sanctions ordered above. That does not, however, foreclose other sanctions in the future, if necessary.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Firsov is in civil contempt. The Court imposes coercive sanctions on Mr. Firsov ($50 per day, beginning October 15, 2026, and payable to the Clerk of the Court until Mr. Firsov pays the full $722 monetary sanctions to SANA/SAS). It also awards compensatory sanctions to SANA/SAS, specifically, the attorneys' fees they incurred in moving for civil contempt (only after Mr. Firsov failed to make the first installment payment in July 2026). The parties shall provide additional briefing on the compensatory sanctions as ordered above.

Once the Court issues its decision on the amount of compensatory sanctions/attorneys' fees, SANA/SAS are free to employ any legal methods they see fit for collection of both the compensatory sanctions and the original $722 monetary sanctions. *See, e.g.*, Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.").

**IT IS SO ORDERED**.

Dated: September 23, 2026

EDWARD M. CHEN
United States District Judge