United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

Plaintiff,

v.

SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,

Defendant.

Case No. 25-cv-03691-EMC

**ORDER RE CIVIL CONTEMPT COMPENSATORY SANCTIONS**

Docket Nos. 144, 146

Previously, the Court found Mr. Firsov in civil contempt because he had failed to comply with a Court order that he pay SANA/SAS $722 as a monetary sanction. *See* Docket No. 132 (Order at 3). The Court issued two civil contempt sanctions: (1) coercive sanctions of $50/day until the $722 monetary sanctions were paid[1] and (2) compensatory sanctions consisting of SANA/SAS's reasonable attorneys' fees incurred in moving for civil contempt once he failed to pay the first installment payment on July 2, 2026.[2] *See* Docket No. 132 (Order at 4). The parties were instructed to provide supplemental briefing on the amount of attorneys' fees. *See* Docket No. 132 (Order at 5). SANA/SAS filed a brief and supporting evidence to support a claim of

[1] Although the Court could have held that coercive sanctions would begin to accrue immediately, it did not do so. It gave Mr. Firsov a three-week grace period: in other words, Mr. Firsov had three weeks to pay the $722 monetary sanctions, in which case he could entirely avoid any coercive sanctions. *See* Docket No. 132 (Order at 4).

[2] The Court could have ordered that Mr. Firsov be held accountable for attorneys' fees as of January or March 2026, when SANA/SAS first indicated that they were seeking a finding of civil contempt against Mr. Firsov based on his failure to pay the $722 monetary sanctions awarded by the Court. *See* Docket No. 102 (notice); Docket No. 105 (motion). As above, the Court did not do so. Instead, it took a more measured approach and only awarded fees incurred as of July 2026, after Mr. Firsov failed to make the first payment ($120) of an installment plan that he himself had proposed. *See* Docket No. 112 (minutes).

United States District Court
Northern District of California

$1,520 in attorneys' fees (4 hours of attorney time at an hourly rate of $380). In his response, Mr. Firsov addressed not only the amount of compensatory sanctions but also (outside of the scope of the Court's order) the $722 monetary sanctions and the coercive sanctions.

For the reasons discussed below, the Court affirms its prior rulings on the $722 monetary sanctions and the coercive sanctions. In addition, the Court orders that Mr. Firsov pay SANA/SAS compensatory sanctions in the amount of $1,520.

## I. DISCUSSION

### A. Monetary Sanctions of $722

On November 6, 2025, the Court granted SANA/SAS's request for sanctions based on Mr. Firsov's filing of a motion to strike, which was patently meritless and filed in bad faith.[3] *See* Docket No. 58 (Order at 4). On December 15, 2025, the Court determined the amount of monetary sanctions to be paid: $722. The Court ordered Mr. Firsov to pay the $722 by December 31, 2025, and expressly warned Mr. Firsov that he risked being held in civil contempt if he failed to pay. *See* Docket No. 88 (Order at 12). On December 22, 2025, the Court denied Mr. Firsov's motion to reconsider the $722 monetary sanctions.[4] *See* Docket No. 90 (order).

Since December 31, 2025, Mr. Firsov has failed to pay any amount of the $722 monetary sanctions. He failed to do so even while he was employed. *See Firsov v. United Airlines, Inc.*, No. C-26-6165 JD (N.D. Cal.) (Docket No. 27) (in IFP application, stating that, prior to 9/25/2026, he was paid $10,920 per month before taxes). He failed to do so even after he voluntarily proposed a six-month installment plan under which he only had to pay about $120 per month. Docket No. 112 (minutes). He failed to do so even though he successfully paid the filing fees for a score of other federal lawsuits. *See* Docket No. 136 (noting that, in 2026 alone, Mr. Firsov paid more than $4,000 in filing fees).

/ / /

[3] As the Court noted in its order, Mr. Firsov had arguably acted in bad faith in other ways, but the Court again took a measured approach and limited its sanctions order to the filing of the motion to strike only. *See* Docket No. 58 (Order at 3-4).

[4] The Court also rejected an attempt by Mr. Firsov to stay or set-off the monetary sanctions. *See* Docket No. 135 (order).

United States District Court
Northern District of California

Given this history, the Court rejects Mr. Firsov's renewed request that he be relieved of the obligation to pay the $722 monetary award. To the extent Mr. Firsov argues that circumstances have changed because he lost his job in late September 2026, the Court already entertained that argument and denied his request for relief. *See* Docket No. 142 (Order at 1) (stating that "Plaintiff has failed to sufficiently establish that he cannot pay the $722 monetary sanctions which he has had months to pay"). The Court further addresses Mr. Firsov's claimed loss of employment and inability to pay below.

B. Coercive Sanctions

The Court issued coercive sanctions on September 23, 2026 (as part of its civil contempt order). *See* Docket No. 132 (order). It did so after Mr. Firsov (1) had failed to pay the $722 monetary sanctions for months and (2) had been warned on multiple occasions that a failure to pay could or would result in coercive sanctions. *See* Docket No. 112 (minutes, filed on 6/18/2026) (warning about coercive sanctions); Docket No. 117 (order, filed on 8/5/2026) (same); Docket No. 120 (order, filed on 8/10/2026) (same).

On September 25, 2026, Court denied Mr. Firsov's motion to reconsider civil contempt sanctions. *See* Docket No. 136 (order). On October 7, 2026, the Court denied Mr. Firsov's motion to modify or stay its civil contempt sanctions. *See* Docket No. 143 (order). In denying the motion to modify or stay, the Court considered Mr. Firsov's claim that he was unable to pay because he had recently lost his job. It noted that Mr. Firsov could avoid coercive sanctions – which would not begin to accrue for another week – by paying SANA/SAS the $722 monetary sanctions.

Given this history, the Court rejects Mr. Firsov's renewed request that coercive sanctions be withdrawn. The Court further addresses Mr. Firsov's claimed loss of employment and inability to pay below.

C. Compensatory Sanctions

The Court issued compensatory sanctions on September 23, 2026 (as part of its civil contempt order). *See* Docket No. 132 (order). It did so after Mr. Firsov (1) had failed to pay the $722 monetary sanctions for months and (2) had been warned on multiple occasions that a failure

to pay could or would result in compensatory sanctions. *See* Docket No. 112 (minutes, filed on 6/18/2026) (warning about compensatory sanctions); Docket No. 117 (order, filed on 8/5/2026) (same); Docket No. 120 (order, filed on 8/10/2026) (same).

On September 25, 2026, Court denied Mr. Firsov's motion to reconsider civil contempt sanctions. *See* Docket No. 136 (order). On October 7, 2026, the Court denied Mr. Firsov's motion to modify or stay its civil contempt sanctions. *See* Docket No. 143 (order). In denying the motion to modify or stay, the Court considered Mr. Firsov's claim that he was unable to pay because he had recently lost his job. It noted that the amount of compensatory sanctions had yet to be determined.

Now, SANA/SAS seeks $1,520 in attorneys' fees as compensatory sanctions. Mr. Firsov claims that he cannot pay the fees because he lost his job, either on September 24 or 25, 2026. *See* Docket No. 139 (Mot. at 2); Docket No. 146 (Firsov Decl. ¶ 2). This was either the day after or two days after the Court issued civil contempt sanctions.

Mr. Firsov has failed to provide sufficient evidence that he has lost his job. He has not provided, *e.g.*, a termination notice. Although he states in his declaration that he has lost his job, *see* Docket No. 146 (Firsov Decl. ¶ 2) (testifying that, "[o]n September 25, 2026, I lost my employment" and "I have been unemployed since that date and have no source of income"), Mr. Firsov has a track record of making untruthful statements such that the Court does not credit his declaration testimony *by itself*. For example:

- Mr. Firsov was sanctioned $722 in the first place because he failed to disclose that Judge Freeman had vacated an order on which he was relying to support his position that SANA had filed excess pages. *See* Docket No. 58 (Order at 58).
- In a motion to disqualify, Mr. Firsov falsely claimed that, "on the day of the hearing for SANA/SAS's motion for prefiling order, he went to the courtroom and, even though the door to the courtroom was 'closed' (the hearing had not yet started), he saw 'multiple judges sit there [at the courtroom] table and discuss[] him.'" Docket No. 128 (Order at 2). He also falsely claimed that the Court "got advice from the other judges on how to 'punish' Mr. Firsov, and the [Court] said

[it] would issue a prefiling order because [it] did not 'like [Mr. Firsov] personally,' and the other judges agreed." Docket No. 128 (Order at 2).

- In his motion to stay or set off sanctions, Mr. Firsov falsely maintained that "defense counsel owes him sanctions in *Firsov v. Polskie Linie Lotnicze LOT SA*, No. C-26-5195 JST, in the amount of $715." Docket No. 135 (Order at 1).
- In his motion to modify or stay the civil contempt order, Mr. Firsov falsely asserted that he lost his job because the Court "'called to [his] work with complaints.'" Docket No. 143 (Order at 1).
- In the pending motion, Mr. Firsov asserts, without any supporting evidence, that defense counsel has been using AI.

For similar reasons, the Court does not credit Mr. Firsov's declaration testimony *by itself* that he has "no savings[,] . . . bank accounts, investment accounts, or other financial assets that would enable [him] to pay" any sanctions. Docket No. 146 (Firsov Decl. ¶ 4).

To the extent Mr. Firsov challenges the amount of the fees requested ($1,520), his arguments are not persuasive. Defense counsel's hourly rate ($380) is reasonable and not excessive. Mr. Firsov argues that the number of hours spent (4 hours) is excessive because defense counsel was able to use AI. However, it is sheer speculation on his part that defense counsel used AI, and, in any event, 4 hours is a reasonable amount of time given Mr. Firsov's continued intransigence in this suit. Finally, to the extent Mr. Firsov invokes Federal Rule of Civil Procedure 37, that rule is not applicable. The Court has issued compensatory sanctions (as well as coercive sanctions) based on its finding of civil contempt. Its issuance of the $722 monetary sanctions was based on its inherent authority.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the following sanctions have been or are now issued:

- $722 in monetary sanctions based on Mr. Firsov's bad faith filing of a motion to strike.
- $50 per day in coercive sanctions (beginning October 15, 2026) based on the Court's finding of civil contempt.

- $1,520 in compensatory sanctions based on the Court's finding of civil contempt.

The $722 monetary sanctions and $1,520 compensatory sanctions are to be paid to SANA/SAS. The coercive sanctions are to be paid to the Clerk of the Court. The coercive sanctions shall automatically terminate once Mr. Firsov pays the $722 in monetary sanctions to SANA/SAS. As the Court noted in its civil contempt order, SANA/SAS are now free to employ any legal methods they see fit for collection of the $722 in monetary sanctions and the $1,520 in compensatory sanctions.

**IT IS SO ORDERED**.

Dated: October 15, 2026

EDWARD M. CHEN
United States District Judge